HUNTER ET AL. *v.* BRADSHAW ET AL.

[No. 26,091.  Filed November 1, 1935.]

*T. J. Louden* and *Edwin Corr,* for appellants.
*Pearl Lee Vernon* and *James B. Wilson,* for appellees.

Fansler, J.—Appellants, brothers and sisters of Minnie A. Smedley, deceased, were the plaintiffs below. It appears from their complaint, which was filed in February, 1931, that in the year 1924 Thomas Smedley and Minnie A. Smedley filed a petition in the Owen circuit court for the adoption of Rosa May Bradshaw, who was then four years of age, and that a judgment was had adopting her as the heir at law of the petitioners; that thereafter Thomas Smedley died, and afterwards Minnie A. Smedley died. The complaint seeks to quiet title to certain real estate, and alleges that the plaintiffs are the only heirs at law of Minnie A. Smedley. It is alleged that at the time of the adoption Minnie A. Smedley was a person of unsound mind, and could not, and did not, consent to the proceedings; that the petition for adoption did not comply with the statute sufficiently to give he court jurisdiction of the adoption proceedings; that there was no allegation that the father of Rosa May Bradshaw was not living; and that no service was had upon him in the adoption proceedings.

It is appellants' contention that for these reasons, and the additional reason that the statute under which the adoption proceedings were had is unconstitutional, the judgment of adoption is void; that Rosa May Bradshaw is not the heir of their sister, and that they are her only heirs at law, and that title to her real estate should be quieted in them.

A demurrer to the complaint was sustained, and, plaintiffs refusing to plead further, there was judgment for the defendants. The ruling upon the demurrer is assigned as error here.

The title to the adoption statute is: "An Act regulating the adoption of heirs." Section 1 of the act is as follows: "Any person desirous of adopting any child may file his petition therefor in the circuit court in the county where such child resides." Acts 1855, ch. 56, §1, p. 122, §3-101, Burns 1933, §681, Baldwin's 1934. Sec-

tion 3 of the act provides that such adopted child shall take the same right in the estate of the adopting parents that such child would if their natural heir.

It is appellants' contention that the title of the act has to do with the adoption of heirs, and the body of the act with the adoption of children, and hence the act is unconstitutional and void because the subject of the body of the act is not expressed within the title. The body of the act provides a method by which a child may be adopted and become the heir of the adopting parents. Such provision might reasonably be looked for under such a title, and the title is sufficient. *Bright* v. *McCullough, Treas.* (1866), 27 Ind. 223; *Clarke, Rec.* v. *Darr et al.* (1901), 156 Ind. 692, 60 N. E. 688; *Board of Com'rs., etc.* v. *Scanlan* (1912), 178 Ind. 142, 98 N. E. 801; *Marion, etc., Traction Co.* v. *Simmons* (1913), 180 Ind. 289, 102 N. E. 132.

The petition for the adoption and the judgment are set out in the complaint. It does not appear from the pleadings or judgment whether the child had a father living, nor whether service was had upon the father, and it is contended that this is sufficient to render the judgment of adoption void. But this is an action in equity. The adoption proceedings were brought by the sister of appellants and her husband, and they were responsible for the allegations in the petition. The petition was sufficient to give the circuit court jurisdiction of the child and of the petitioners, and to pass on the sufficiency of the petition, as well as the constitutionality of the statute. The petitioners could not have been injured by a failure of notice to a parent. That notice is for the sole purpose of advising the natural parent so that his rights may be protected. In equity, one upon whose petition an order of adoption is entered, fixing the status of a child and establishing it as his heir, at his request, cannot be heard after years have passed to question the validity of the judgment

because his petition was defective in some technical respect. It is settled that "the remedy of a person who asserts that an order directing the adoption of a child is invalid, because of the mental incapacity of the adoptive father, is in equity"; that the judgment is not void or voidable because of the sole fact that the adoptive parent was of unsound mind at the time. It will only be set aside when it is affirmatively alleged and shown that there was fraud, actual or implied, affecting the action of the adopting parent or the decision of the court. *Brown et al.* v. *Brown* (1885), 101 Ind. 340. Appellants, by their complaint, do not attempt to allege any facts that would constitute such fraud. They rely entirely upon the allegation that their sister was of unsound mind at the time of the adoption; that the petition for adoption did not allege whether the child's natural father was living or dead, and that there was no service of notice upon him; and upon alleged irregularities or informalities in the judgment of the court in the adoption proceeding. None of these allegations are sufficient.

Before the death of Minnie A. Smedley an action was brought by her guardian, seeking to set aside the judgment of adoption upon substantially the same grounds as those relied upon by the appellants in this case. A demurrer to the complaint was sustained in that case, and, upon the guardian's refusal to plead further, there was a judgment for the defendants. The case was appealed, and affirmed by the Appellate Court without an opinion. Every question presented here, unless it be the constitutional one, was presented by the record in that case. See *Hunter, Guardian* v. *Bradshaw et al.* (1927), 86 Ind. App. 738, 156 N. E. 926.

Judgment affirmed.

Hughes, J., not participating, having sat as special judge below.