HARWICK ET AL. *v.* SMITH ET AL.

[No. 15,015. Filed June 2, 1936. Rehearing denied October 14, 1936.]

*Clarence R. Martin, Mahlon E. Bash, Rudolph J. Roller* and *Walter C. Clarke,* for appellants.

*Pickens, Davidson, Gause, Gilliom & Pickens,* for appellees.

KIME, C. J.—This action was brought to quiet title to thirteen parcels of land located in Marion and Hamilton Counties, Indiana, all of which real estate, except lot sixty-six in Butler's Addition to College Corner, more particularly described in a warranty deed from Tarquinia L. Voss to John T. Barnett, dated November 18, 1919, and which property was on the same date conveyed by said Barnett to Tarquinia L. Voss and Lurline T. Smith, as joint tenants, was owned by said Miss Voss on September 2, 1930, the date of her death.

The amended complaint alleged that the plaintiff, Lurline T. Smith, was the owner of and in possession of the real estate therein described; that the defendants claimed some interest which was adverse to the title of the plaintiff, which adverse claims were unfounded and without right and constituted a cloud upon the title of plaintiff. The parties defendant to the complaint were Goldwin J. Smith (a nephew of decedent) and Antonia Smith, his wife, father and stepmother of plaintiff, Gail Smith Harwick, Scott V. Smith, niece and nephew of decedent; Helen Theresa Smith, a grand-niece, and Edward J. Harwick, husband of Gail Smith Harwick.

Alfred H. Smith, husband of plaintiff, was made a party defendant by cross-complaint.

To this amended complaint answers in general denial were filed by all defendants except Goldwin J. Smith and Antonia Smith, his wife, who filed an answer disclaiming any interest in the said real estate. Cross-complaints were filed by Gail Smith Harwick and Scott V. Smith in which each claimed title to an undivided one-third of all of the real estate herein involved as heirs at law of said decedent. Helen Theresa Smith, daughter of a deceased nephew of decedent herein, by cross-complaint, claimed title to an undivided one-fourth of all of the real estate herein as an heir at law of said decedent.

In the various cross-complaints the sanity of the decedent at the time she executed the deed for lot 66 above described and at the time of the adoption of said Lurline T. Smith and the validity of the adoption proceedings were questioned. These cross-complaints were answered by general denial. On change of venue this cause was sent to Hancock County, Indiana.

Trial was had before a jury which returned a directed verdict in favor of plaintiff on her amended complaint and against cross-complainants on their respective cross-complaints and for costs. The court entered judgment accordingly.

Separate and several motions for new trial, each containing fourteen grounds, filed by Gail Smith Harwick, Scott V. Smith, Edward J. Harwick and Helen Theresa Smith were overruled and this appeal followed. The overruling of the respective motions for new trial is assigned as error here.

This was an equitable action and whether or not the plaintiff had title to the real estate described in the amended complaint was the question involved. To establish this she introduced in evidence the petition for adoption, the consent of her father and

the decree of adoption of the Probate Court of Marion County, Indiana, by which decree her status as the daughter of Tarquinia L. Voss and her interest in the estate of her adopting mother was fixed. It was stipulated that the plaintiff is the person named in the said adoption proceedings; that Tarquinia L. Voss died on September 2, 1930, unmarried and without natural children or other descendants surviving; that at the time of her death she was seventy-nine years of age and the owner of all of the real estate described in the amended complaint except lot sixty-six above mentioned, as to which there is no agreement. Appellants contend that inasmuch as the signature of the father (the only living parent of Lurline Smith) to the consent of adoption of his daughter by Tarquinia L. Voss was not verified, as provided by statute, but was only witnessed by two other parties, that the Probate Court was without jurisdiction to render a valid decree of adoption therein, and for such reason Lurline T. Smith had no title to the real estate herein. Such attempted avoidance of the adoption decree is a collateral attack upon such decree and can not be maintained. *Jones* v. *Leeds* (1907), 41 Ind. App. 164, 83 N. E. 526, and cases there cited. See also *Brown* v. *Brown* (1884), 101 Ind. 340.

Appellants next contend that the court erred in refusing to admit testimony as to the mental capacity of Tarquinia L. Voss at the time of the adoption proceedings, but the sanity of an adopting parent can not be tested in a collateral attack, consequently appellants' contention must fail. *Hunter* v. *Bradshaw* (1935), 209 Ind. 71, 198 N. E. 73.

Since we have arrived at the conclusion that the court did not err in refusing to admit evidence as to decedent's sanity at the time of the adoption of Lurline T. Smith, and since Lurline T. Smith would inherit all the real estate herein by virtue of this adoption, the ques-

tion as to whether or not decedent was sane at the time she executed the deed to lot sixty-six above mentioned need not be decided.

It was not error for the court to instruct the jury to return a verdict for the appellee, Lurline T. Smith.

The verdict was sustained by sufficient evidence and was not contrary to law.

Finding no reversible error the judgment of the Hancock Circuit Court is in all things affirmed.