R. H. WAILES, Executor of the Last Will and Testament of NONA M. FURNISH, Deceased, (Plaintiff below), Respondent, v. THE CURATORS OF CENTRAL COLLEGE, a Corporation, (Intervenors) (Defendants), Appellants, and

MARGARET LIVERMORE, THE BOARD OF DIRECTORS OF THE SHELBINA PUBLIC LIBRARY OF SHELBINA, MO., THE TRUSTEES OF THE I. O. O. F. CEMETERY OF SHELBINA, MO., THE TRUSTEES AND DIRECTORS OF THE SHELBINA CEMETERY IMPROVEMENT ASSOCIATION OF SHELBINA, MO., AND THE TRUSTEES OF THE SPENCER CHAPEL CEMETERY ASSOCIATION OF MONROE COUNTY, Mo., (Defendants below, not appealing) and

DAVID ARNOLD EGGERS, a Minor, and JOHN WILLIAM ROPTE, Alias JOHN FREDDIE ROPTE, a Minor, By FRED BOLLOW, Their Guardian ad Litem, (Defendants below), Respondents, and

THE UNKNOWN HEIRS OF NONA M. FURNISH, Deceased, Defaulting Defendants, No. 43025—254 S. W. (2d) 645.

Court en Banc, February 9, 1953.

*F. A. Culmer* and *Fuller, Ely & Hibbard* for appellants; *Ezra T. Fuller* of counsel.

*Robert E. Crist* and *John W. Goodin* for respondents.

WESTHUES, C.—This is an action for declaratory judgment. The principal question presented is whether a person legally adopted under the provisions of Chapter 453, RSMo 1949, may inherit from the natural parents, or, as in this case, from the natural grandparents.

The suit was filed by the executor of the last will and testament of Nona M. Furnish, deceased. By their joint will, Nona M. Furnish and her husband, James A. Furnish, who had lived at Shelbina, Missouri, left the bulk of their estate to Central College at Fayette, Missouri. The Curators of the College were made defendants and

after an adverse judgment, they appealed. This court has appellate jurisdiction because title to real estate is involved and the amount in dispute exceeds $7,500.

David Arnold Eggers, a minor, and John William Ropte, also referred to as John Freddie Ropte, a minor, who were children of Virginia Furnish, the only child of James A. and Nona M. Furnish, were made defendants and are the respondents on this appeal.

Other defendants who did not appeal and who received small bequests were Margaret Livermore, The Board of Directors of the Public Library at Shelbina, Mo., The Trustees of the I.O.O.F. Cemetery of Shelbina, Mo., the Trustees and Directors of the Shelbina Cemetery Improvement Association, and the Trustees of Spencer Chapel Cemetery Association of Monroe County, Mo.

The will was executed in September, 1946. James A. Furnish died on January 1, 1947. Nona M. Furnish died October 10, 1949. The daughter, Virginia, died prior to the execution of the will. By the will Central College was given the residue of the estate with the following restriction: "The principal sum shall be kept, invested, [647] and known as THE DOCTOR AND MRS. J. A. FURNISH SCHOLARSHIP FUND, a memorial to their daughter, Virginia."

The above reference is the only one made in the will to the daughter. The respondents, grandchildren, were not mentioned. The record does not show whether Dr. and Mrs. Furnish had any knowledge that Virginia had any children.

It is the contention of the respondents Eggers and Ropte that since the will made no reference to them they are entitled to the estate as pretermitted heirs of their grandparents.

Central College contends that since Eggers and Ropte were legally adopted under the provisions of Chapter 453, supra, they are not heirs of their natural parents or grandparents and, therefore, are not pretermitted heirs.

In an agreed statement of facts, it was admitted that Eggers was born in 1936 and in the same year was adopted by Mr. and Mrs. Edward Eggers in a proceeding had in the Juvenile Division of the Circuit Court of Cole County, Missouri, and that the adoption was in conformity with the provisions of Chapter 453, supra. It was also agreed that John William Ropte was born in 1937 and later, but before the execution of the will, was adopted by Fred C. and Martha Ropte and that the adoption was duly and legally confirmed by the Juvenile Division of the Circuit Court of Jackson County, Missouri.

The answer to the question whether an adopted person may inherit from his natural parent lies in the interpretation of Section 453.090 of Chapter 453, supra. The section reads as follows:

"Consequences of Adoption.

"1. When a child is adopted in accordance with the provisions of this chapter, all legal relationships and all rights and duties between such child and his natural parents (other than a natural parent who joins in the petition for adoption as provided in section 453.010) shall cease and determine. Said child shall thereafter be deemed and held to be for every purpose the child of his parent or parents by adoption, as fully as though born to him or them in lawful wedlock.

"2. Said child shall be capable of inheriting from, and as the child of, said parent or parents by adoption as fully as though born to him or them in lawful wedlock and, if a minor, shall be entitled to proper support, nurture and care from said parent or parents by adoption.

"3. Said parent or parents by adoption shall be capable of inheriting from and as the parent or parents of, said adopted child as fully as though said child had been born to him or them in lawful wedlock, and, if said child is a minor, shall be entitled to the services, wages, control and custody of said adopted child.

"4. Said adopted child shall be capable of inheriting from and taking through his parent or parents by adoption property limited expressly to heirs of the body of such parent or parents by adoption.

"5. The word 'child' as used in this section, shall, unless the context hereof otherwise requires, be construed to mean either a person under or over the age of twenty-one years."

It seems to us that the legislature by the above section has provided that when a person is legally adopted under the provisions of the adoption law, all ties of such adopted person with the natural parents and kin are completely severed. Note the statute reads, "*all rights* and *duties* between such child and his natural parents * * * *shall cease and determine.*" The section further reads, "Said child shall thereafter be deemed and held to be for *every purpose* the child of his parent or parents by adoption, as fully as though born to him or them in lawful wedlock." (Emphasis ours) Can or should a court say that the legislature did not mean to say *all* rights shall cease and determine? We think not. We as a court have no right to read any exception into the law.

Now let us examine the authorities relied upon by the respondents Eggers and Ropte. Cases are cited such as Clarkson [648] v. Hatton, 143 Mo. 47, 44 S. W. 761, to support the doctrine in this state that an adopted child may inherit both from his adoptive parents and from his natural parents. That was the law prior to 1917 when a child could be adopted by deed in about the same manner as a conveyance of real estate. In 1917 the legislature made a radical change in the adoption law. See Laws 1917, p. 193. Now a child can be adopted legally only by complying with the provisions of Chapter 453, supra. Safeguards were provided so that only such people as are found suitable to adopt a child may do so. The cases decided

under the law prior to the 1917 Act are not controlling. See Shepherd v. Murphy, 332 Mo. 1176, 61 S. W. (2d) 746, l. c. 748 (3, 4).

Respondents cite two cases decided after the 1917 Act. They are St. Louis Union Trust Co. v. Kaltenbach, 353 Mo. 1114, 186 S. W. (2d) 578, and Mississippi Valley Trust Co. v. Palms, 360 Mo. 610, 229 S. W. (2d) 675. It is claimed that these two cases settled the law in this state that an adopted child may inherit from its natural parents even under the 1917 Act. To this we cannot agree.

Let us consider the Palms case, supra. It involved the construction of a will. The question was whether children of a deceased daughter of testator after their adoption by another of testator's daughters would be entitled to take as heirs of their natural mother and also as heirs of their adoptive mother. This court held that by the terms of the will the testator intended the children should take only that share to which they were entitled as heirs of their natural mother. The question now before this court was not involved. The court did say, (first column, top of page 680, 229 S. W. (2d)), "But in Missouri the legislature has not said that one who has been adopted by another shall not inherit from his natural parents. In re Cupples Estate, 272 Mo. 465, 199 S. W. 556. See also, St. Louis Union Trust Co. v. Kaltenbach, 353 Mo. 1114, 186 S. W. (2d) 578; Clarkson v. Hatton, 143 Mo. 47, 44 S. W. 761, 39 L. R. A. 748, 65 Am. St. Rep. 635; 1 Am. Jur., Adoption of Children, p. 656, Sec. 57; 2 C. J. S., Adoption of Children, Sec. 63(c), p. 454." All of the Missouri cases cited, except the Kaltenbach case, supra, were decided under the adoption law in force prior to the 1917 Act. Note in the Cupples case, 199 S. W. l. c. 557 (3, 4), the court cited the adoption statute, Section 1671, RSMo 1909. Furthermore the adoption statute now in force does not prohibit a natural parent from bequeathing property by will to a child whom he has permitted to be adopted by another. So, the comment, "the legislature has not said that one who has been adopted by another shall not inherit from his natural parents" was obiter. The children involved in the Palms case, supra, took the property under the terms of the will and not by inheritance.

The Kaltenbach case, supra, also involved the construction of a will. This court held that where a child had been adopted without the consent of the father, without notice of the proposed adoption being served on the father, and where no guardian ad litem was appointed to represent the child, the child did not lose his right to inherit from the natural father. The court based its decision on the theory that the adoption was illegal. Note what the court said (second column, top of page 583, 186 S. W. (2d)): "However, in any event, we do not think it would be reasonable to hold that a minor child loses his rights of inheritance through his own father by a proceeding of which his father had no notice and in which no guardian ad litem was appointed to represent and protect the interest

of such child. We, therefore, hold that the original defendants were each entitled to one-half of the trust estate." The court said, (186 S. W. (2d) 1. c. 583 (12, 13), "it (the adoption statute) does not say that the adopted child is rendered incapable of inheriting from its natural parent." The cases cited to support that statement were cases decided under the adoption law prior to the 1917 Act. The present statute does not expressly say that an adopted child may not inherit from his natural parent. Neither does it say that a natural parent cannot inherit from his natural child adopted by another. The statute does say, "all legal relationships and all rights and duties between such child and his natural parents * * * shall [649] cease and determine." In St. Louis Union Trust Co. v. Hill, 336 Mo. 17, 76 S. W. (2d) 685, 1. c. 689 (6), the court said, "The Legislature had a right to and did in strong and emphatic language change the blood stream of an adopted child. Under our present statutes an adopted child's relations with its natural parents cease; and by law it becomes the child of its adopting parents *for every purpose* as fully as though born to the adopting parents in lawful wedlock. In other words, the adopted child is taken out of the blood stream of its natural parents and placed, by the operation of law, in the blood stream of its adopting parents, if adopted under the provisions of our present statutes." In Shepherd v. Murphy, supra, this court expressly held that the statute did render the natural parent incapable of inheriting from his child adopted by another. Note what the court said (second column, bottom of page 748, 61 S. W. (2d)): "Our statute establishes the relation of parent and child between the foster parents and the adopted child 'for every purpose * * * as fully as though' the child had been born to such parents 'in lawful wedlock'; i. e., as fully as if the child were the natural child of such parents. Further, under our statute, supra, when the decree of adoption is entered by the court, the legal relationship and all legal rights of the natural parents 'cease and determine.' One legal right ordinarily enjoyed by the natural parents, which the Legislature has by this statute abrogated, is the right of inheritance from a child dying intestate and without descendants, and, apparently undertaking to make assurance doubly sure, the statute, then prescribes the course of succession to property * * *." This court considered at length the meaning and effect of the adoption statute, particularly Section 453.090, supra. What the court there said and the reasoning of the court apply with equal force in the present case. In the Kaltenbach case, supra, the court referred to the Shepherd v. Murphy case, supra, as follows, (first column, bottom of page 583, 186 S. W. (2d)): "We held in Shepherd v. Murphy, 332 Mo. 1176, 61 S. W. (2d) 746, that this section did deprive the natural parent of the right to inherit from an adopted child, but such parent has a choice in the matter which the child does not have." Does

'that fact alter the situation? We think not. Is a child's consent necessary when a father wishes to disinherit the child by will? 'A legislature has the right and power to change the law of descent as it deems necessary. To inherit from a parent is not an absolute or vested right. This court has so held on numerous occasions. See In Re Rogers Estate, Mo., 250 S. W. 576, l. c. 577 (1). In State ex rel. McClintock v. Guinotte, 275 Mo. 298, 204 S. W. 806, l. c. 807, this court en banc said, "Inheritance of property is not an absolute or natural right, and is not a right which may not be abolished by the lawmakers." See also 26 C. J. S. 996; Robertson v. Cornett, 359 Mo. 1156, 225 S. W. (2d) 780, l. c. 784, 785 (7-10); Irving Trust Co. v. Day, 137 A. L. R. 1093, 62 S. Ct. 398.

If an adopted child inherits from his natural parent as well as from his adoptive parent then there is a dual inheritance. This court in the Palms case, supra, said, (229 S. W. (2d) l. c. 681(12)): "It is no part of the public policy of the state that adoption should operate as an instrumentality for dual inheritance, with resulting animosity and litigation among those whom a testator provided in his will should share with equality and per stirpes. And the denial of dual inheritance under these circumstances is not opposed to the public policy of promoting the welfare of adopted children." That statement was made as applying to the children in that case where the children claimed dual inheritance from their natural grandfather. However, the principle there expressed also applies where an adopted child claims the right to inherit from both the adoptive and natural parent. The legislature in providing that *all* rights between the natural parent and the child should on adoption "cease and determine" did not intend to nor does it mistreat that class of children. After all, perhaps the legislature thought it best and intended to effect just what the statute says, that *all* rights, including the right to inherit, shall "cease and determine." It requires some **[650]** ingenuity to reason that "all rights" means all except one.

We shall consider briefly a few cases cited from other jurisdictions. Young v. Bridges, (N. H.) 165 A. 272, supports our conclusion in this case. In the case of In Re Benner's Estate, (Utah) 166 P. (2d) 257, the adoption statute under consideration did not contain the language "all legal relationships and all rights and duties between such child and his natural parents * * * shall cease and determine." The court held an adopted child could inherit from his natural parent. Yet, one of the judges dissented, holding as this court did in the Palms case, supra, that dual inheritance should not be permitted. In the dissenting opinion, we find the following which we deem to express the intent of the adoption statute, (166 P. (2d) l. c. 260): "Adoptions are granted primarily for the best interests of the child adopted. Generally the change by adoption is one of gain. The new status is a better one than the former. To grant dual

940

inheritance, the child adopted would be given the inheritance of a natural child and allowed an additional one. The law intended to give the child adopted the same rights and advantages of a natural child as far as possible. It was never intended to give the child of adoption more.''

In Villier v. Watson, (Ky.) 182 S. W. 869, the statute of adoption under which the case was decided is much unlike ours and we deem the case not in point. The same may be said of the cases of Dreyer v. Schrick, (Kan.) 185 P. 30, and Coonradt v. Sailors, (Tenn.) 209 S. W. (2d) 859. In the case of Re Roderick, 158 Wash. 377, 291 P. 325, 80 A. L. R. 1398, the court considered a statute of adoption and held an adopted child could inherit from both adoptive and natural parents. However, note that the statute of Washington and also the statutes of Minnesota, California, and South Dakota, cited on Page 1401 of 80 A. L. R., do not contain the emphatic language as does our adoption statute, particularly Section 453.090, supra.

We find no fault with the result reached in the cases of St. Louis Union Trust Co. v. Kaltenbach and Mississippi Valley Trust Co. v. Palms, supra. We limit our disapproval to the expressions and language which we deem obiter dictum contained in the opinions which lend support to the theory that persons legally adopted under the provisions of Chapter 453, supra, may inherit from their natural parents. After a full consideration of the case, we are convinced that the case of Shepherd v. Murphy, supra, was correctly decided and we find no sound reason that the same rule should not apply in this case.

The judgment of the trial court is reversed and the cause remanded with directions to enter a decree in conformity with this opinion. It is so ordered.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the Court en Banc. All concur, except *Hyde, J.*, who dissents.