Edgar H. VREELAND, Respondent,

v.

John Lionel VREELAND, Also Known as Jon Lionel Vreeland, Respondent,

and Harold Loeblein, Jr., A Minor, by Ann Hughes, Guardian Ad Litem, Appellant,

and George S. Metcalfe, Trustee, and Strodtman and Strodtman Real Estate Company, A Corporation, Defendants.

No. 45587.

Supreme Court of Missouri,

Division No. 1.

Dec. 10, 1956.

**56**

Lashly & Neun, Paul W. Lashly, Hiram W. Watkins, St. Louis, for appellant.

Foster & Vogel, John C. Vogel, St. Louis, for respondent Edgar H. Vreeland.

WESTHUES, Judge.

This is a suit to determine the interest of the parties plaintiff and defendants in and to real estate and personal property of Samuel F. Vreeland, deceased, who died intestate on November 28, 1952. The parties to the suit are Edgar H. Vreeland, plaintiff, who is a full brother of the deceased Samuel. The defendants are John Lionel Vreeland, a half brother of Samuel, and Harold Loeblein, Jr., a minor, who is a son of Bettylee Hathaway Winchester, an adopted daughter of Mary D. Winchester, who was the mother of Samuel F. and Edgar H. Vreeland. Also named as defendants were George S. Metcalfe, trustee, and Strodtman and Strodtman Real Estate Company, a corporation, owner of a note and deed of trust.

The trial court entered a decree for plaintiff wherein the court adjudged plaintiff to be the owner of a two-thirds interest in the property and defendant John Lionel Vreeland to be the owner of a one-third interest, subject to a note and deed of trust held by the Strodtman Company. The defendant Harold Loeblein, Jr., by his guardian ad litem, appealed.

It is the contention of Harold Loeblein, Jr., that plaintiff Edgar H. Vreeland as a full brother of Samuel is entitled to a one-half interest in the property; that John Lionel Vreeland, a half brother of Samuel, and he, Harold, a son of a half sister of Samuel by adoption, are each entitled to a one-fourth interest.

Plaintiff Edgar H. Vreeland contends that Harold is not an heir for two reasons: First, that the decree of adoption whereby plaintiff's mother adopted Harold's mother was void. Second, that Harold cannot inherit from his collateral kin.

The relationship of the parties to this suit as shown by the record is as follows: Henry George Vreeland married Mary Wischmeyer in April, 1891. To this union were born two sons, Samuel F., the intestate, and plaintiff Edgar H. In 1913, the Vreelands were divorced. Thereafter, the father Henry George married Lillian Patin. To this marriage a son was born. He is the defendant John Lionel Vreeland who, of course, is a half brother of Samuel. The mother of Samuel and Edgar, after her divorce from Henry George Vreeland,

married William Winchester. No children were born of this union. However, in 1924, they adopted Bettylee Hathaway who thereby became a half sister of Samuel by adoption. In 1938, Bettylee married Harold Loeblein, Sr., and to them was born a son who is the defendant Harold Loeblein, Jr. It is agreed that plaintiff Edgar H. Vreeland and John Lionel Vreeland are the only natural descendants of Henry George Vreeland and Mary D. Wischmeyer Vreeland and Harold Loeblein, Jr., the only descendant by adoption.

To avoid confusion, we note here that Mary D. Wischmeyer who married Henry George Vreeland in 1891 and who, after her divorce from Mr. Vreeland, married William Winchester is the same person who under the name of Mary D. Winchester adopted Bettylee Hathaway.

The questions for our determination are: Was the adoption decree void? And, if not, can an adopted person inherit from his collateral kin?

The record in this case shows that on January 12, 1924, William A. Winchester and Mary D. Winchester filed a petition in the Circuit Court of Jackson County, Missouri, for the adoption of Bettylee Hathaway, a minor, then less than three years old. The petition alleged that the foster mother of Bettylee consented to the adoption and that the foster father was a nonresident of the State of Missouri and his address unknown. The written consent of the foster mother was filed in court. An adoption decree was entered on March 22, 1924. It is claimed that the failure of the foster father to give his consent and the failure to notify him of the adoption proceeding rendered the decree void and subject to collateral attack. It is also claimed that the adoption statutes do not provide for a second adoption.

■ Can there be a second adoption? We rule that there can be. We have held that the effect of an adoption under the 1917 Act and amendments thereto, now Chapter 453, RSMo 1949, V.A.M.S., is a complete severance of the child from its family and a transplanting of the child into the family of the adoptive parents. Shepherd v. Murphy, 332 Mo. 1176, 61 S.W.2d 746, loc. cit. 748(3, 4); St. Louis Union Trust Co. v. Hill, 336 Mo. 17, 76 S.W.2d 685, loc. cit. 688, 689(6); Wailes v. Curators of Central College, 363 Mo. 932, 254 S.W.2d 645, loc. cit. 648, 649(4, 5), 37 A.L.R.2d 326. There is no reason that an adopted child should not have the same protection of the law as does a natural child. Suppose through some misfortune the adoptive parents would be unable to support an adopted child. In such a case, we find no law, nor can we think of any reason, that a court could not decree a second adoption. We rule that in such a case the consent necessary as provided for in Section 453.060 RSMo 1949, V.A.M.S., must be given by the foster parents. In re MacRae, 189 N.Y. 142, 81 N.E. 956; 2 C.J.S., Adoption of Children, § 30 e, note 59, p. 411. It is apparent that the Juvenile Division of the Circuit Court of Jackson County, Missouri, had the right to grant the petition of William A. and Mary D. Winchester for the adoption of Bettylee Hathaway. We also rule that consent of the natural parents was not necessary.

■ Was the adoption decree void for want of notice to the foster father so that the decree could be questioned in this proceeding? We think not. The decree of adoption was binding on the foster mother who gave her consent and had custody of Bettylee. The decree was also binding on William and Mary D. Winchester who petitioned the court for the adoption and obtained the decree. In the case of Dee v. Stahl, Mo.App., 219 S.W.2d 883, loc. cit. 886(4), the St. Louis Court of Appeals had before it this very point and the court there said, "The fact is, however, that the decree was not utterly and completely void. It is true that for lack of notice to the natural mother, Rose Dee, it was not con-

clusive and binding on her, but it was conclusive and binding on the petitioner, John M. Dee, and is now conclusive and binding on plaintiff, who is in privity with John M. Dee through and under whom she derives whatever right she might conceivably have in this proceeding. Child Sav. Institute v. Knobel, 327 Mo. 609, 37 S.W.2d 920, 76 A.L.R. 1068."

In the case of Child Sav. Institute v. Knobel, 37 S.W.2d 920, cited by the court of appeals, this question was considered at length. The court there said, 37 S.W.2d loc. cit. 925(11, 12): "We have construed the statute as requiring notice in all cases where the legal custodian of the child does not consent in writing to the adoption. The statute is capable of this construction. However, we should say in this connection, that a decree of adoption rendered without the written consent of or notice to the legal custodian of the child would be binding on the parties to the proceedings and their privies but would not be binding on the legal custodian who had no notice thereof."

■ According to the record in this case and to the stipulation filed by the parties, the foster mother gave her consent to the adoption of Bettylee and the address of Lee V. Hathaway, the foster father of Bettylee, was unknown. It was stipulated that "The record does not indicate that there was any publication of notice to Lee V. Hathaway of the pendency of said adoption proceedings." The decree was entered in 1924. It has not been questioned by the foster father. Neither the foster father nor any one in privity with him has questioned the legality of the adoption decree in the case now before us. Under the authorities cited supra, we rule that the adoption decree is binding on all parties to this action. For authorities from other jurisdictions, see James v. Williams, 169 Tenn. 41, 82 S.W.2d 541, loc. cit. 545(9, 10); In re Reichel, 148 Minn. 433, 182 N. W. 517, 16 A.L.R. 1016; Hunter v. Bradshaw, 209 Ind. 71, 198 N.E. 73.

■ Plaintiff in his brief says that even if the adoption decree was binding, defendant Harold Loeblein, Jr., has no interest in the property left by Samuel F. Vreeland because an adopted child cannot inherit from collateral kin. Harold's mother was adopted in 1924 and the 1917 Act, Laws of 1917, pages 193–195, are applicable. McIntyre v. Hardesty, 347 Mo. 805, 149 S.W. 2d 334; Shepherd v. Murphy, supra. In the Shepherd case, this court held that a natural parent could not inherit from his child who had been adopted by another. This court ruled that the property of the adopted person at his death would go by inheritance to the adoptive family and not to the family of the natural parents. Note what this court said, 61 S.W.2d loc. cit. 749(4): "The estate of a natural child who dies intestate, without descendants surviving, goes back to the kindred of his parents, if the parents be dead. The child adopted under our statute inherits as though he were the child of his foster parent, and therefore takes subject to the same limitations and conditions which apply to a natural child, so that, upon his death, the estate of Richard Edgar Webb, which he inherited 'as the child of' his foster parents, passed to the kindred by blood of the adopting parents and his kindred by adoption. Evidently it is intended by the statute to make the foster parents heirs of the adopted child in the same manner in which they would inherit from a natural child, and it follows that, the foster parents having died, the right of succession is in their kindred, the plaintiffs herein, who are by reason of the statute the next of kin of the deceased child as if he had been born to his foster parents and were a child of their blood."

■ Under that rule an adopted child has the same rights as a natural child including the right to inherit from the collateral kin. In a number of cases we have reaffirmed the ruling in the Shepherd case, that is, that an adopted child has the same status under the 1917 Act as a natural child.

St. Louis Union Trust Co. v. Hill, supra, 76 S.W.2d loc. cit. 688, 689(6); Wailes v. Curators of Central College, supra, 254 S. W.2d loc. cit. 648, 649(4, 5); Hayes v. St. Louis Union Trust Co., Mo., 280 S.W.2d 649; St. Louis Union Trust Co. v. Green-ough, Mo., 282 S.W.2d 474, loc. cit. 480(8); Brock v. Dormann, 339 Mo. 611, 98 S.W. 2d 672, loc. cit. 676(6, 7). In the Brock case, this court, in speaking of the effect of an adoption under the 1917 Act, said, "The principal effect of the change upon the right of inheritance was to broaden that right to include ancestors and collaterals."

Plaintiff contends that the adoption and inheritance statutes should be strictly con-strued against adopted persons. The case of Hockaday v. Lynn, 200 Mo. 456, 98 S.W. 585, 587, 8 L.R.A.,N.S., 117, was cited and we find the following language taken from that opinion in the brief: " * * * con-sanguinity is so fundamental in statutes of descents and distributions that it may only be ignored by construction when courts are forced so to do, either by the terms of express statute or by inexorable implica-tion." We are of the opinion that the leg-islature has by "express statute" and "inex-orable implication" granted to adopted chil-dren the same rights with reference to in-heritance as natural children. We have so ruled in cases cited supra and we ad-here to that ruling.

The decree of the circuit court is hereby reversed and that court is directed to enter a new decree to the effect that plaintiff Edgar H. Vreeland is the owner of a one-half interest in the estate of Sam-uel F. Vreeland and that each of the de-fendants, John Lionel Vreeland and Har-old Loeblein, Jr., is the owner of a one-fourth interest thereof. The interests of all parties are subject to any unpaid liens on the property.

It is so ordered.

All concur.