Santos Salinas MEDINA et vir, Appellants,

v.

Santos YZAGUIRRE et ux., Appellees.

No. 3320.

Court of Civil Appeals of Texas.

Eastland.

Aug. 2, 1957.

Berger & Mulhollan, Corpus Christi, for appellant.

Homero M. Lopez, Kingsville, for appellee.

COLLINGS, Justice.

Santos Salinas Medina joined pro forma by her husband, Jose Medina, brought this suit against Santos Yzaguirre and wife, Genoveva Yzaguirre, in the 105th Judicial District Court of Kleberg County. Plaintiffs sought to declare void or voidable and set aside a judgment of that court granting the petition of the defendants to adopt the child of plaintiff Santos Salinas, who was then unmarried. The judgment sought to be set aside was rendered on April 7, 1952, in cause number 1649, styled "In re Maria Esther Galvan, a minor". Plaintiffs alleged that the court was without jurisdiction and that the judgment of adoption was void, and alleged in the alternative that the judgment was voidable by reason of fraud and certain irregularities. Upon a trial before the court without a jury judgment was rendered on October 2, 1956, denying plaintiffs the relief sought, and they have brought this appeal.

On February 29, 1952, appellees Santos Yzaguirre and wife filed their petition in the district court for the adoption of the minor child, Maria Esther Galvan. On April 7, 1952, the district court granted the petition for adoption as prayed. The judgment recited the filing of the petition, the docketing of the cause, and the mailing of a certified copy of the petition to the direc-

tor of the State Department of Public Welfare. The judgment also recited the appointment of an investigator to make an investigation for the purpose of determining whether the minor was a proper subject for adoption and whether the home of the petitioners was a suitable home for such child; that the investigator, so appointed, did make an investigation and file a full written report verified by affidavit (and filed in the papers in said cause). A copy of the report was incorporated in the judgment. It was shown by the report of the investigator as set out in the judgment that the minor child was born January 31, 1950, in Corpus Christi, Texas, and that the natural mother of the child was Santos Salinas, who at the time was 16 years of age, unmarried, and had no relatives to care for her and her illegitimate baby; that when the baby was two months old Santos Salinas came to Kingsville to look for work and for about one month thereafter was employed by the parents of Mrs. Genoveva Yzaguirre, one of the appellees herein. It was further shown that the minor child, Maria Esther Galvan, lived in the home of appellees, Mr. and Mrs. Santos Yzaguirre in Kingsville, Texas, since she was three months old; that the family group consisted of Santos Yzaguirre and his wife, Genoveva, and that there was one daughter, Mary Helen Yzaguirre, age fourteen. It was further shown that Santos Salinas, the natural mother of the child, was also living in the Yzaguirre home, and being supported by them at the time of the adoption hearing. The report of the investigator further shows that the Yzaguirre home was a five room house with bath; that there was a porch which they planned to make into another bedroom; that the home was clean and well furnished and was a suitable home for the child. The court found that all matters and facts set out in the report of the investigator were true and correct. The judgment of adoption also set out in full the petition for leave to adopt the minor child. The petition to adopt filed on February 29, 1952, recited that the minor child, Maria Esther Galvan, was at the time two years of age, and that the child had lived in the home of the petitioners since birth, a period of over two years; that the natural mother of said minor child had relinquished her possession and custody in favor of the petitioners; that the written consent of the minor child's natural parents was not necessary because she had been voluntarily abandoned and deserted for a period of more than two years, during all of which time the petitioners had had the whole custody, care and control of the child and had received no contributions in any manner for the support of said child.

It was found by the court in the judgment of adoption that the allegations of the petition were all true and correct; that the minor, Maria Esther Galvan, was a proper subject for adoption; that the petitioners, Santos Yzaguirre and wife, Genoveva Yzaguirre, were proper persons and that their home was suitable for said child; that the written consent of the child's natural parents was not necessary "as she has been voluntarily abandoned and deserted for a period of more than two years, all of which time you petitioners had the whole custody, care, control and management of said child, and said natural parents did not in that period of time contribute in any manner to the support of said child."

Although the judgment of adoption recited that the written consent of the child's natural parents was not necessary, there was filed among the papers in the case prior to the entry of the judgment on April 7, 1952, the following written statement which was signed by appellant Santos Salinas:

"The undersigned parents of Maria Esther Galvan consents to the adoption prayed for in the above and foregoing petition, this the fifth day of April, 1952.

"Signed /s/ Santos Salinas"

Article 46a, Sections 1 and 6, Vernon's Ann.Tex.Civ.St., provides as follows:

"Sec. 1a. Every petition for leave to adopt a minor child shall set forth

among the facts relative to petitioner and child the following information: (1) the name, race, and age of each petitioner; (2) the residence and present address of petitioner; (3) the name to be given the child through the adoption; (4) the sex, race, birthdate, and birthplace of the child sought to be adopted; (5) the date on or about which the minor child was placed in the home of the petitioners; (6) what written consent papers have been obtained from the natural parent or parents and if none obtained, then specify which exception to the necessity for such consent is applicable; (7) the relationship between the petitioner and the child; (8) whether waiver of six (6) months residence in the home of the petitioner is requested, and if so, the reason for requesting the waiver of the six-month period. As amended Acts 1951, 52nd Leg., p. 388, ch. 249, § 1."

"Sec. 6. Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile Court, then on the written consent of the Judge of the

County Court of the county of such child's residence.

\*　　\*　　\*　　\*　　\*　　\*

"In the case of any consent by the natural parents as herein required to the adoption of a minor child, regardless of whether or not said child was born in lawful wedlock, such consent shall be sufficient if given in writing after the birth of said child and duly acknowledged, giving the name, date and place of birth of said child, and shall agree to permanently surrender the care, custody, and parental authority of and over said child, and consent to its adoption upon judgment of any Court of competent jurisdiction without the necessity of reciting therein the names of the parents by adoption. As amended Acts 1951, 52nd Leg., p. 388, ch. 249, § 2."

▮▮▮▮ We overrule appellants' contention that the judgment of adoption was void. Appellees filed their petition for adoption alleging that the consent of the natural parent was not necessary because she had voluntarily abandoned the child for a period of more than two years. On the date of the judgment of adoption appellees also filed the written consent of the child's mother. This gave the court jurisdiction of the case. Smith v. Curtis, Tex.Civ.App., 223 S.W.2d 712; Pettit v. Engelking, Tex.Civ. App., 279 S.W.2d 489. Since the child was illegitimate, the consent of the father was not necessary. The written consent of the mother was irregular and not in compliance with the terms of the statute. This however did not deprive the court of jurisdiction and did not render the judgment of adoption void. Harwick v. Smith, 102 Ind.App. 581, 2 N.E.2d 233. The irregularities complained of were violations of directory provisions of the statute rather than mandatory provisions in the sense that a judgment based upon a written consent in violation of such provision would be absolutely void. The defective consent would have been ground for reversing the

judgment of adoption on an appeal, and the judgment was voidable and subject to attack in a proper case by bill of review. Appellants' petition to set aside the adoption was in the nature of a bill of review. A bill of review to set aside a voidable judgment is an equitable proceeding and to be available must be brought with reasonable diligence and must in other respects comply with conditions requisite to obtaining equitable relief. 17 Tex.Jur. 28; 49 C.J.S. Judgments §§ 288, 337, pp. 529, 665.

This suit was brought by appellants on May 18, 1955, more than 3 years after the judgment of adoption, which was rendered on April 7, 1952. The adoptive parents have had the child in their home during this time and have cared for and looked after it as their own. The child refers to and addresses Mrs. Yzaguirre as "mother".

Appellant Santos Salinas Medina admitted that she signed the instrument consenting to the adoption. The court found upon sufficient evidence that such consent was free and voluntary and was not obtained by fraud or duress. She admitted that she knew after signing the written consent that the child was to be adopted by appellees. There was evidence to the effect that she knew when the adoption proceeding was to be held, was agreeable to the adoption and did not desire to be present at the hearing. It has been held that a consent to the adoption constitutes notice of the proceeding. 1 Tex.Jur. (Ten Yr.Supp.) 146. In any event appellant did not attend the hearing and there retract or in any way question her written consent nor did she do so by an appeal from the adoption judgment of which the evidence indicates she had knowledge. Several witnesses testified that she had on numerous occasions from about the time of adoption until a few months before the filing of this suit made statements to the effect that she had given her child to the adoptive parents; that the child belonged to them and that the child could not be better off anywhere. By consenting in writing to the adoption of her child, by failing to appeal from the adoption judgment, and by other action and delay as above set out, appellant Santos Salinas Medina brought about, or at least permitted to be brought about and established, a relationship of parent and child between appellees and her minor daughter. The child was permitted to be with appellees without question from the time she was about three months old until the adoption proceeding, and thereafter remained undisturbed with the adoptive parents until shortly before this suit was brought on May 18, 1955, when the child was more than five years of age. Under these circumstances it is our opinion that the court did not err in refusing appellants the equitable relief prayed for. We have examined all points presented and find no reversible error.

The judgment of the trial court is affirmed.