In the ESTATE of Mary BENNETT, Deceased.

Grace WHITE, Dorothy Bennett Brooks, William A. Bennett, Lee Bennett and Gerald Bennett, Petitioners-Appellants,

v.

Stephen A. LOVEJOY, Guardian of the Persons and Estates of Joseph Lionel Smith and Cinthia Ann Smith, and Walter L. Mulvania, Executor of the Will of Mary Bennett, Deceased, Respondents.

No. KCD 28597.

Missouri Court of Appeals, Kansas City District.

Aug. 29, 1977.

Joseph L. Flynn, Dale, Flynn, Bauman & Liles, St. Joseph, for petitioners-appellants.

Theodore M. Kranitz, Kranitz & Kranitz, St. Joseph, for respondent guardian and infants.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

DIXON, Judge.

Petitioners appeal from an order of the Circuit Court dismissing a petition for heirship originally filed in the Probate Court of Atchison County and appealed to the Circuit Court. The sole issue is the statement of a cause of action under the pleadings. The order dismissing is reversed and the cause reinstated for hearing.[1]

This case was, on motion of the respondents, consolidated with KCD 28494, an original circuit court litigation involving the same parties and controversy; but this court has determined that orderly procedure requires the issues be decided in separate opinions.

Mary Bennett died January 31, 1975. She left a will making specific bequests and devises of a substantial nature, which are not here in question. The residuary clause of the will provided that all of the residue of the estate was to go to her daughter, Lucy Smith. Lucy Smith predeceased Mary Bennett, dying in 1973 while domiciled in Oregon. Prior to her death, Lucy Smith had adopted two children, Joseph L. Smith and Cinthia A. Smith. Petitioners are the sister and nieces and nephews of Mary Bennett's husband who predeceased her.

The application for letters testamentary listed the adopted children of Lucy Smith as heirs at law of Mary Bennett. Petitioners then filed in the probate court a petition to determine heirship in the estate of Mary

---

1. Respondents' motion raised the issue of the obvious misnomer of counties in the application for appeal, and the probate court's order allowing the appeal which erroneously designated the circuit court as the "Circuit Court of Buchanan County." The appeal was properly lodged in the Circuit Court of Atchison County. Respondents also contended that paragraph 9 was a "misstatement of law." Both of these grounds were abandoned in the brief.

Bennett, a hearing was held, and the probate court found that the adopted children of Lucy Smith were heirs of Mary Bennett. The proceedings were apparently not reported. Petitioners then appealed to the circuit court, and the transcript certified to the circuit court contained only the pleadings and the order of the probate court. When the appeal was lodged in the circuit court, the respondents filed a motion to dismiss. The circuit court sustained the motion to dismiss, and petitioners appeal. The issue thus becomes one of whether the pleading of the petitioners stated a cause of action. Aside from the legal conclusions pleaded and the facts as to the death and will of Mary Bennett, the petitioners pleaded only one issue. They asserted that after the death of Lucy Smith and before the death of Mary Bennett, the Smith children were adopted by Stephen Lovejoy, and were thus not heirs of Mary Bennett at her death. If the facts were so proven, the children would not be the heirs of Mary Bennett who would have died intestate as to the residuary portion of her will. *Wailes v. Curators of Central College,* 363 Mo. 932, 254 S.W.2d 645 (Banc 1953); Annot., 37 A.L.R.2d 326 (1954); *Commerce Trust Co. v. Duden,* 523 S.W.2d 97 (Mo.App.1975). The motion to dismiss should not have been sustained. More importantly, if the petitioners can prove those facts, the issues in case No. KCD 28494 will be moot. The order dismissing petitioners' petition in this case No. KCD 28597 should be reversed and the cause remanded for an evidentiary hearing on the issues raised.

All concur.