In re ESTATE OF Myrna
L. THIEMANN,

Eleanor M. Woodside, Appellant,

v.

Marcella M. Will and Martha
M. Hyatt, Respondents.

No. 74872.

Missouri Court of Appeals,
Eastern District,
Division One.

April 13, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 20, 1999.

Application to Transfer Denied
June 29, 1999.

Craig A. Sullivan, St. Louis, for appellant.

Arthur S. Hyatt, Jeffrey M. Taylor, St. Louis, for respondent.

CLIFFORD H. AHRENS, Judge

Eleanor M. Woodside ("Woodside") appeals from a judgment of the Circuit Court of St. Louis County, Probate Division, holding that she was to receive a one-third share of the estate of Myrna L. Thiemann ("Intestate"), and respondents Marcella M. Will ("Will") and Martha M. Hyatt ("Hyatt") would also each receive one-

third. Woodside argues that since respondents are collateral kin of the half blood she should receive double the amount of the respondents' shares. We reverse and remand.

The facts are brief and not in dispute. Myrna L. Thiemann died intestate on May 9, 1997. Her closest surviving kindred were three aunts: Woodside, Will and Hyatt. Woodside and Intestate's mother were both born of the same parents, Alvin L. Meyer and his first wife. Will and Hyatt were born of the same father, Alvin L. Meyer, but their mother was Meyer's second wife.

Section 474.010 RSMo (Supp.1998)[1] states, in part:

All property as to which any decedent dies intestate shall descend and be distributed, subject to the payment of claims, as follows: ... the entire intestate property, if there is no surviving spouse, shall descend and be distributed as follows: ... (c) If there are no children, or their descendants, father, mother, brother or sister, or their descendants, then to the grandfathers, grandmothers, uncles and aunts or their descendants in equal parts ...

Section 474.040[2] reads as follows:

When the inheritance is directed to pass to the ascending and collateral kindred of the intestate, if part of the collaterals is of the whole blood of the intestate, and the other part of the half blood only, those of the half blood shall inherit only half as much as those of the whole blood; but if all collaterals are of the half blood, they shall have whole portions, only giving to the ascendants double portions.

On July 16, 1998, the probate division entered an order-judgment determining

heirs. The court found that Section 474.040 did not apply because (1) "the assets of the deceased do not pass to her ascending and collateral kindred, the condition of the statute, but only pass to collateral kindred," and (2) "only siblings can be half bloods or whole bloods." Therefore, the court held that the default intestacy scheme governed and section 474.040 was inapplicable. As a result, the court determined that Woodside, Will and Hyatt would all share equally in the disposition of Intestate's assets, each taking a one-third share.

Woodside argues on appeal that the trial court erred in holding that section 474.040(1) only applies to estates in which there are heirs of both ascendant and collateral kindred, and (2) only applies to distributions between siblings of the intestate. We agree.

■ The trial court found that section 474.040 only applies in situations in which there are both existing ascending and existing collateral kindred. In this case, Woodside, Will and Hyatt are all collateral kindred, but there are no ascending kindred.[3] The trial court held that since section 474.040 applies "[w]hen the inheritance is directed to pass to the ascending and collateral kindred of the intestate," the statute was not applicable in a case where there were no existing ascending kindred.

We do not believe there must be existing ascending kindred to trigger the application of the half blood statute. Section 474.040 applies when the inheritance is "directed" to pass to ascending and collateral kindred, whether there are any existing ascending kindred or not. Missouri's basic rule of intestate distribution and descent, contained in section 474.010, states that under the facts of this case the intes-

1. All subsequent references to "section 474.010" are to RSMo (Supp.1998).

2. All subsequent references to "section 474.040" are to RSMo 1994.

3. A "collateral heir" is "[o]ne who is not of the direct line of deceased, but comes from a collateral line, as a brother, sister, an uncle, an aunt, a nephew, a niece, or a cousin of deceased." Black's Law Dictionary 262 (6 th ed., 1990). An "ascendant" is a person "with whom one is related in the ascending line; one's parents, grandparents, great-grandparents, etc." Id. at 113.

tate's property shall go "to the grandfathers, grandmothers, uncles and aunts or their descendants in equal parts." Thus the property is *directed* to go to ascendants (grandfathers and grandmothers) and collaterals (uncles and aunts) even though there are no living grandfathers or grandmothers. Therefore, since section 474.010 directs the property to go to ascending and collateral kindred of the estate, section 474.040 governs distribution among the heirs.

Previous Missouri cases have held that section 474.040 may be applicable in cases where there are no ascending heirs. *See Estate of Ferguson v. Conklin*, 723 S.W.2d 24, 29 (Mo.App.1986) (applying section 474.040 in a distribution among first, second and third cousins); *Vreeland v. Vreeland*, 296 S.W.2d 55, 59 (Mo.1956) (court awarded one-half share to intestate's whole brother, and one-fourth share each to half brother and nephew born of the intestate's half brother). Our holding is also in accord with the authoritative *Missouri Practice* manual, which states:

> A convenient method of determining the share of collaterals of the half blood *when no ascendants are involved* is to double the number of collaterals of the whole blood and add the result to the number of collaterals of the half blood. The resulting figure will be the denominator of the fractional share to which each half blood is entitled. Heirs of the whole blood will be entitled to twice that amount ... *If* an ascendant is involved the proper denominator may be determined by doubling the number of ascendants and adding that number to the number of collaterals.

5A JOHN A. BORRON, JR. & FRANCIS M. HANNA, MISSOURI PRACTICE section 1232 (1990) (emphasis added). The manual clearly explicates how the statute would operate "when no ascendants are involved," thus suggesting that it is not necessary for there to be an ascending heir for the statute to be applicable. *Id.*

■ In Woodside's second point on appeal she argues that the trial court erred in holding that section 474.040 does not apply unless there is a distribution between siblings of the intestate. Will and Hyatt respond by arguing that in Missouri a "half blooded aunt" cannot exist by definition, and that only siblings can be half blooded.

In addressing respondents' argument we review the basic operation of Missouri's statutory intestacy scheme. When determining the manner in which an intestate's property will descend and be distributed, the court first applies Missouri's general intestacy statute, section 474.010. This statute determines a person or class of persons; in the case at bar this class consists of Intestate's "grandfathers, grandmothers, uncles and aunts or their descendants in equal parts." Section 474.010(2)(c). It is among the members of this class that section 474.040, if applicable, determines distribution. "As used in the law of inheritance, half-blood refers to the degree of relationship between two individuals who have the same mother or the same father but not both parents in common." THOMAS E. ATKINSON, LAW OF WILLS 50 (2d ed.1953). As previously noted, in this case Will and Hyatt have the same father as Woodside and Intestate's mother, but they do not all have both parents in common. As a result, they are only related by the half blood, and section 474.040 operates to determine distribution.

We reverse and remand for further proceedings consistent with this opinion.

JAMES A. PUDLOWSKI, P.J., and WILLIAM H. CRANDALL Jr., J., concur.