No. 29,576.

INAS BLAKER et al., *Appellants,* v. W. C. BLAKER, Trustee, et al., *Appellees.*

(293 Pac. 517.)

834

*Harry C. Blaker,* of Topeka, for the appellants.
*John A. Hall,* of Pleasanton, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought to obtain an interpretation of a will and an adjudication of the rights of contending parties under paragraphs of the will providing for the disposition of a trust fund created by the will. The court interpreted the will in accordance with the contentions of W. C. Blaker, trustee, and other defendants, and against the theory advocated by plaintiffs, Inas Blaker and Holley E. Blaker. Plaintiffs appeal.

Alfred Blaker, a widower, died testate on July 31, 1916, and left surviving him a son, Ernest Blaker, another son, William W. Blaker, and a daughter, Eleanor B. Withington. On August 24, 1915, Alfred Blaker made a will by which he gave certain described property to a son, Ernest Blaker, other property to his daughter, Eleanor B. Withington, and still other property to Alfred N. Withington, a son of Eleanor B. Withington. About these provisions there is no contention.

The testator also provided for the creation of a trust fund, the dividends and profits of which were to be paid by a trustee to his son, William W. Blaker. The paragraph of the will relating to the trust fund and its application follows:

"I give and bequeath to the trustee hereinafter named, and designated as a trust fund, upon the conditions and for the uses and purposes hereinafter set forth, three thousand ($3,000) dollars par value of the capital stock of the Blaker Milling Company, together with one-third of the remaining part of the capital stock of the Blaker Lumber and Grain Company, owned by me at my death and not disposed of in paragraph 5 of this will, together with that proportionate share of the surplus and undivided profits of the capital stock of such companies at my death, to wit:

"(a) I appoint my brother, B. F. Blaker, as trustee hereunder, and if such brother declines to accept such trusteeship, then I appoint as trustee hereunder such person as shall be designated by my said brother, and if my said brother declines or is unable to accept such trusteeship and fails to designate a trustee hereunder, then the probate court of Linn county, Kansas, shall appoint a trustee hereunder. The probate court of Linn county, Kansas, shall appoint the successors in trust, if any there be, hereunder.

"(b) Such trustee shall have full power to vote, transfer and deliver such stock and to invest and reinvest the proceeds thereof together with the surplus

and undivided profits which may be thereon at the time of my death, to the same full extent as I, being the full and unrestricted owner thereof, might do when alive.

"(c) Such trustee shall pay the expenses of administering the trust herein set out, including the taxes and public assessments thereon, from the dividends and profits of such trust fund.

"(d) The remainder of the dividends and profits of such trust fund shall be paid by such trustee to my son, William W. Blaker, at annual or semi-annual intervals, at the discretion of such trustee, during the lifetime of my said son, free and unencumbered by any liens, garnishments, attachments, executions, proceedings in aid of execution, or claims of any description of any creditor or person whomsoever, and my said son shall not have the power to in any way mortgage, sell, assign, transfer or in any way to encumber such remainder of such dividends and profits before the actual payment thereof to him by such trustee. No part of the principal of such trust fund shall be paid to my said son.

"(e) At the death of my son, William W. Blaker, such trust fund shall belong absolutely to the issue, born in lawful wedlock, of the body of my said son, if any there be that survive him, share and share alike, provided, that if any issue born in lawful wedlock of the body of my said son shall die before the death of such son, leaving bodily heirs, then the share which would have been received by such deceased child, if living, shall belong absolutely to the bodily heirs of such deceased child, share and share alike.

"(f) In the event that my said son, William W. Blaker, dies without there being persons capable of receiving such trust fund under the terms hereinbefore set forth, then such trust fund shall, at the death of my said son, William W. Blaker, belong absolutely to my children, Ernest Blaker and Eleanor B. Withington, and their respective heirs and assigns forever in the shares designated by the laws of descents and distributions as to interests of the state of Kansas."

It appears that William W. Blaker married the plaintiff, Holley E. Blaker, and a child was born to them, who died prior to the death of William W. Blaker. In his lifetime William W. Blaker adopted Inas Blaker as his daughter, and it is conceded that she was legally adopted. William W. Blaker died on June 12, 1929, leaving no issue of his body born in lawful wedlock. Inas Blaker claims that she is entitled to a share of the trust fund as the daughter of William W. Blaker, and Holley E. Blaker claims to be entitled to a part of the fund as the heir of the child that died in infancy and was the bodily issue of William W. Blaker and herself.

Whether Inas, being an adopted child, was entitled to a share of the estate, not being the issue of the body of William W. Blaker, is the question to be determined. It is contended by plaintiffs that under the liberal rulings in this state an adopted child is deemed

to be an heir of foster parents as fully as if she were a child of the blood.

There is little ground for contention as to the terms of the will or of the intention of the testator in making a disposition of his property. An active trust was created in favor of his son William. The trustee was given certain shares of corporate stock, the dividends and profits from which were to be paid to the son William, at annual or semiannual intervals as the trustee in his discretion might determine. These dividends and profits were to be paid to William during his lifetime and should not be subject to disposition by the son before the actual payment thereof. Neither could they be encumbered by any liens, garnishments, attachments, executions or claims of any kind before the actual payment of dividends and profits by the trustee, nor was there any part of the principal to be paid to his son at any time. At the time of the death of the son, as we have seen, the fund was to pass to the issue of his body born in lawful wedlock, if any such issue survived him, and if William died without issue of his body the trust fund should pass to his son Ernest and his daughter Eleanor and their heirs. It is manifest that the testator intended that his property should go only to those in the blood line. He had the right to dispose of his property as he chose and to do it in such a way that it would go to children of the blood only. The language of the will evidenced an intention that none of the property should pass to an adopted child and should not go to children of his son William unless they were living issue of his body born in lawful wedlock. In the event that the son died without living issue the testator directed that the property should go at once to Ernest Blaker, his son, and Eleanor B. Withington, his daughter, in specified shares. As we have seen, William died without living issue of the body, and Ernest and Eleanor are now living and capable of receiving the gifts. The contention that an adopted child is entitled to the same rights as children of the blood is true unless the parent chooses to exclude them in making a disposition of his property by will. If the parent dies intestate and his property passes under the law of descents and distribution, the adopted child would share equally with natural children. In his will the testator could have excluded even natural children from sharing in his estate, and likewise he may exclude adopted children. In unequivocal language the testator has provided that none of the

children of William shall take any part of the fund in question unless they are born in lawful wedlock and are the living issue of the body of William. When William died no issue of his body survived him, and hence the property in question passed at once to Ernest and Eleanor, the son and daughter of the testator.

Plaintiff discusses to some extent the rule against perpetuities, but there is no room for the application of that doctrine in the present case. By the will the title to the personal property involved vested in the final takers at a definite time. It became vested at the death of William, and in no sense can it be said that the passing of the title was postponed twenty-one years.

Holley E. Blaker cannot claim anything under the will and was effectually excluded by its terms. Her claim is based on the fact that she was the mother of the natural child that died in infancy. That child was not living at the time of the death of William, and hence she is not in a position to claim a share of the estate.

The judgment is affirmed.