No. 33,186

THE LAWRENCE NATIONAL BANK, Administrator With the Will Annexed of the Estate of George H. Johnson, Deceased, *Appellee,* v. (IDA JACOBS et al., *Appellees*) INEZ A. SMOOT, *Appellant.*

(64 P. 2d 22)

<span>Opinion filed</span> January 23, 1937.

*Edward T. Riling* and *John J. Riling,* both of Lawrence, for appellant Inez A. Smoot.

*Forrest A. Jackson,* of Lawrence, for appellee The Lawrence National Bank; *M. A. Gorrill, Henry H. Asher, Clarence M. Gorrill,* all of Lawrence, and *Lars J. Grinager,* of Canton, S. Dak., for appellees Ida Jacobs *et al.*

The opinion of the court was delivered by

SMITH, J.: This was an action to secure a declaratory judgment to construe a will and to determine who were heirs of deceased. Judgment was entered holding that the purported will was of no force and effect. The heir of the devisee named in the will appeals.

Testator executed his will August 9, 1923. The clause with which we are concerned is as follows:

"I give, devise and bequeath to my wife, Lula L. Johnson, all of my property, both real and personal, wheresoever the same may be located, to have and to hold unto her, my said wife, her heirs and assigns, for her and their sole benefit and behoof forever."

Testator died April 24, 1935. Lula L. Johnson, wife of testator, died March 11, 1934. It will be noted that Lula Johnson, the beneficiary named in the clause which has been set out, died before her husband.

The question we have here is whether the devise of all the property of testator to his wife lapsed when she died before he did, in which event all his property would descend according to the statute of descents and distributions, or whether this provision devised the

property to her heirs if she should die before testator, in which event the property left by testator would pass to the heirs of the wife.

The court held that the devise lapsed and that the property would descend according to the law of descents and distributions. The heir of the devisee named in the will appealed.

The point urged by the appellant is that the language of the clause indicates that the devise was to Lula L. Johnson and her heirs; that is, the devise was to a class of whom the wife was only one member. The contention of appellees is that the devise was to the wife and that the language as to heirs and assigns was simply indicative of the title which the testator desired should pass to his wife.

The matter has been dealt with somewhat by the legislature of Kansas in R. S. 22-259. That section is as follows:

"When a devise of real or personal estate is made to any child or other relative of the testator, if such child or other relative shall die leaving issue surviving the testator, such issue shall take the estate devised in the same manner as the devisee would have done if he had survived the testator, unless a different disposition shall be made or required by the will."

It will be noted that section provides that when the devise shall be made to any child or other relative of the testator, if such child shall die leaving issue surviving the testator, the issue shall take the estate devised in the same manner as the devisee would have done. But here the devisee named, who is the wife, died without issue. The persons claiming under this will are not her issue.

In *McKiernan v. Beardslee,* 72 N. J. Eq. 283, 73 Atl. 815, the court said:

"It is well settled that a devise or bequest to 'A and his heirs' lapses upon the death of A in the lifetime of the testator; the word 'heirs' being a word of limitation which is used to denote the quality or duration of the estate to be taken by the devisee or legatee, and not a word of substitution denoting an intention to substitute the next of kin in the place of the deceased devisee or legatee." (p. 284.)

To the same effect is *Will of Johnson,* 199 Wis. 154, 225 N. W. 818, 70 A. L. R. 575. An examination of the language of this will has convinced us that what testator intended by the clause in question was to devise to his wife an absolute fee-simple title to all his property, both real and personal, and that the words used in the clause are used to indicate that, and no other, intention. Therefore, the devise lapsed when the devisee died before the testator.

The judgment of the trial court is affirmed.