No. 37,306

In the Matter of the Estate of Fritz Asendorf, Deceased. (ROBERT R. HASTY, Guardian *ad litem* for Laverna Asendorf, Wallace Asendorf, Delores Zerener and Darlene Zerener, *Appellant* and *Appellee*, v. FRED ASENDORF and FRED ASENDORF, executor of the estate of Fritz Asendorf, Deceased, *Cross-appellant*.)

(205 P. 2d 934)

Opinion filed May 7, 1949.

*Robert R. Hasty*, of Wichita, argued the cause, and was on the briefs for the appellant.

*J. Howard Wilcox*, of Anthony, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is a proceeding involving a final accounting of an executor. The dispute is between a son of the testator on one side and the guardian *ad litem* for four minor grandchildren of testator on the other. In the probate court two sons of testator appeared and claimed certain parcels of real estate were given to each of them by the will in fee simple. Four minor grandchildren of testator appeared by a guardian *ad litem* and claimed that the sons named

were given a life estate only with remainder to the grandchildren of testator as a class. A hearing was had in probate court. The court found that the land was given to the son in fee simple. The guardian *ad litem* for the minor grandchildren appealed to the district court from so much of the order as applied to one only of the sons named in the order.

The district court heard evidence and made findings of fact and conclusions of law, in part, as follows:

"2. That Fred Asendorf was married to his present wife, Lily, at the time of the death of Fritz Asendorf, and they have never had any children, either natural or adopted.

"3. That no wife, present or future of Fred Asendorf, has any interest in the property in question.

"4. That the children, if any, of Fred Asendorf, whether by his present wife, Lily, or by a future wife, have no interest in the property in question except as they inherit by reason of being members of a class, as grandchildren of Fritz Asendorf, deceased.

"5. That it was the intention of the testator, Fritz Asendorf, to give to his son, Fred Asendorf, a life estate in the property in question, with remainder over to the members of a class, being the grandchildren of Fritz Asendorf, living at the time of the death of Fred Asendorf.

"CONCLUSIONS OF LAW

"1. That by the terms of the Will, the testator, Fritz Asendorf, gave to his son, Fred Asendorf, a life estate in the Southeast Quarter (SE¼) of Section 25, Township 27 South, of Range 4 West, Sedgwick County, Kansas, with the remainder over to the grandchildren of Fritz Asendorf as a class, living at the time of the death of Fred Asendorf, with the fee simple title in said class effective as of September 19th, 1943, the date of the death of Fritz Asendorf, with enjoyment and possession postponed until the death of Fred Asendorf."

The guardian *ad litem* appealed from so much of the judgment as appears in the last clause of finding No. 5. Fred appealed from all the orders and judgments rendered by the court. He also filed a motion for a new trial and moved the court to set aside the findings of fact because they were contrary to the law and the evidence and the conclusions of law were contrary to the law and the evidence.

Fritz Asendorf left surviving him six sons and daughters and seven grandchildren. Four of the grandchildren, that is, Wallace Asendorf, Laverna Asendorf, Delores Zerener and Darlene Zerener are minors. They are the parties for whom the guardian *ad litem* has appealed. This case has been here once before in *Asendorf v. Asendorf,* 162 Kan. 310, 176 P. 2d 535. That action was to construe the will of Fritz Asendorf. The action was started in district court. We held it should have been started in the probate court. Subsequent to

our decision in that case the present proceedings were instituted and have now reached this court for final adjudication.

The will of Fritz Asendorf was, in part, as follows:

"Item 2. After the decease of my beloved wife, Maggie Asendorf, I give, devise and bequeath to my children all my property in the manner following.

"Item 3. I give, devise and bequeath to my son Fred Asendorf, the Southeast Quarter (SE¼) of Section twenty-five (25), Township Twenty-seven (27) South, Range Four (4) West; but without power to sell, transfer of mortgage during his natural life. Should my son, Fred Asendorf have no children, then at the decease of said son and his wife, said real estate (as above described) is to be equally divided, share and share alike, to my then living grandchildren. This does not in no way hinder my son from leasing or selling royalty oil and/or gas on the above described real estate.

"Item 4. I give, devise and bequeath to my son, John F. Asendorf, the Northeast Quarter (NE¼) of Section Twenty-five, Township Twenty-seven (27) South, Range Four (4) West; but without power to sell, transfer or mortgage said real estate during his natural life. This does not in no way hinder my son, from leasing or from selling oil and/or gas royalty on above real estate.

"Item 5. I give, devise and bequeath to my daughters, Anna Wiese nee Asendorf, Clara Lorenz nee Asendorf and Marie Zerener nee Asendorf, share and share alike, all of section twenty-one (21) Township Twenty (20), Range Twenty-one (21) west, Ness County, Kansas.

"Item 6. I give, devise and bequeath to my daughters, Anna Wiese nee Asendorf, Clara Lorenz nee Asendorf and Marie Zerener nee Asendorf, share and share alike the Southwest Quarter (SW¼) of Section Twenty-Five (25), Township Twenty-seven (27) south, Range Four (4) west, with privilege of selling, mortgaging or transferring.

"Item 7. I give, devise and bequeath to my son, William Asendorf, the sum of Four thousand (4,000.00) dollars to be paid within one year after my decease, by my daughters, Anna Wiese nee Asendorf, Clara Lorenz nee Asendorf and Marie Zerener nee Asendorf. This *bequeath* is to be as a lien against the Southwest Quarter (SW¼) of section Twenty-five (25), township twenty-seven (27) South, Range Four (4) west, until said sum is paid as above stated.

"Item 8. All the rest of my estate, personal, real or mixed of which I shall die seized or be entitled to at the time of my decease, I give, devise and bequeath to all my children, share and share alike.

"I nominate, constitute and appoint my wife, Maggie Asendorf, executrix of this, my last will and testament, and I direct that she shall not be required to give bond or other security in order to act as executrix of this, my last will and testament.

"In the event that my said wife, Maggie Asendorf, shall for any reason not become the executrix of this, my last will and testament, or if, for any reason she shall fail to continue as such executrix before the entry of a decree or order, approving her final accounts, as executrix hereunder, then, and in such event I nominate, constitute and appoint my son, Fred Asendorf, to be the executor of this, my last will and testament and I direct that in such event, he likewise

shall not be required to give any bond or other security in order to act as executor of this, my last will and testament."

The specific paragraph of the will with which we are concerned is No. 3. That is the paragraph where testator bequeathed a quarter section of land to his son Fred. It will be noted that after the words bequeathing the land the testator included the proviso "but without power to sell, transfer or mortgage during his natural life." That is the first indication that testator intended Fred to take anything less than a fee simple estate. The will contains no provision creating a practical bar in case Fred should attempt to sell, mortgage or transfer. We hold that the provision referred to in Fritz Asendorf's will was ineffectual and invalid and had no effect on the estate in the land to be taken by Fred. (See *Guarantee Title & Trust Co. v. Siedhoff,* 144 Kan. 13, 58 P. 2d 66, and opinions there cited.)

We pass then to the next provision of paragraph 3. The testator said "Should my son Fred Asendorf have no children, then at the decease of said son and his wife, said real estate is to be equally divided, share and share alike, to my then living grandchildren." It was from the above provision the trial court held that Fred took only a life estate. It will be noted by the terms of the paragraph the gift over to the grandchildren was to take effect only if Fred had no children. There is no provision at all for a gift over to the grandchildren if Fred should have a child or children. By the clear terms of the paragraph the attempt to create a remainder in the grandchildren would be defeated by the birth of a child to Fred and his wife or the adoption of one by them. Such is undoubtedly the rule. (See *Epperson v. Bennett,* 161 Kan. 298, 167 P. 2d 606; also *Gray v. Holmes,* 57 Kan. 217, 45 Pac. 596; also G. S. 1947 Supp. 59-2103.)

Having reached that conclusion, we next pass to consideration of what effect that conclusion has on the question of what estate passed to Fred by the will. His counsel argue that everything in paragraph 3 following the description is surplusage and should be disregarded. This construction would have the effect of holding that Fred received a fee simple estate with no limitations whatever.

Counsel for the guardian *ad litem* points out the rule that in construing a will the court should examine and consider the whole instrument from its four corners and carry out the intention of the testator at the time the will was executed. (See *Weaver v. Chatter-*

*ton,* 154 Kan. 696, 121 P. 2d 211, and cases there cited.) He argues that if we do that we must reach a conclusion that the testator only intended to confer on Fred a life estate with remainder over to testator's grandchildren. There are some provisions of the will which give weight to that argument. In the first place, Fritz made a specific bequest to each of his six children. In paragraph 3 he gave the quarter section to Fred, with which this action is concerned. In paragraph 4 he gave a quarter section to his son John and made an ineffective effort to restrict the power to alienate but made no other effort to limit John's estate to one for life and provided for no remainder to anyone. The probate court held this paragraph gave John a fee simple estate and there was no appeal. By paragraph 5 he gave the three daughters a section of land in equal shares. By paragraph 6 he gave the same three daughters another quarter section in equal shares and provided specifically that they could sell, mortgage or transfer it. Just why he put that proviso in paragraph 6 and omitted it from paragraph 5 does not readily appear. It is surplusage in paragraph 6. By paragraph 7 he gave his son William $4,000 to be paid by the three daughters, the amount to be a lien on the quarter section willed to the daughters in paragraph 6. It will be noted that testator made substantial gifts to each one of his children but the gift to Fred was the only one upon which he sought to place a restriction. This fact alone is persuasive that the testator intended to treat Fred differently than he treated the other children. We have already demonstrated that the gift over to the grandchildren does not take effect unless Fred has no children. Granted that Fred and his wife had no children when Fritz died and were still childless when the trial court made its judgment, still no one can say that will be the situation when Fred and his wife die. If Fred should have a child or children when he dies then the provision creating the remainder in the grandchildren then living becomes ineffective. The question cannot be settled, however, until Fred dies. The trial court erred, therefore, in concluding the will gave Fred only a life estate in the property, with the remainder over to the grandchildren of Fritz, with the fee simple title to vest in the grandchildren as of the date of the death of Fritz.

The trial court found that Fred had no children. At the present time then Fred has only a life estate. This clearly appears from paragraph 3 when considered with all the other provisions.

. The grandchildren do not take a fee simple title, effective as of September 19, 1943, the date of the death of Fritz with enjoyment and possession postponed until the death of Fred. They are prevented from taking this title because there are contingencies which may happen and prevent their taking anything, that is, Fred may have a child or children. Furthermore, the clause providing for a gift over to the grandchildren does not take effect until Fred and his wife are both dead. He may die before she does but the grandchildren would take nothing in any event until her death.

The court erred in making finding No. 3 that no wife, present or future of Fred Asendorf, has any interest in the property. What her interest will be if Fred has a child we will not decide here. The gift over to the grandchildren, however, does not take effect until after her death.

The court erred in finding No. 4 that the children, if any, of Fred Asendorf, whether by his present wife, or by a future wife, have no interest in the property in question except as they inherit by reason of being members of a class, being the grandchildren of Fritz. Their rights would be superior to those of the other grandchildren. The other grandchildren take nothing under this paragraph until it can be finally said that Fred had no children.

The trial court was correct in holding that as of the present time Fred takes only a life estate.

As to the appeal of the guardian *ad litem* for the four minor grandchildren, we have concluded that the grandchildren who will take, if any of them ever take anything, are those who are living at the time of the death of Fred or his wife, whichever dies last.

The judgment of the trial court is modified with instructions to render a judgment in accordance with the views herein expressed.