**FIRST NATIONAL BANK OF KANSAS CITY, Plaintiff-Respondent,**

v.

**Amanda C. WALDRON et al., Defendants-Respondents,**

**Martha B. Allen et al., Defendants-Appellants.**

**No. 51691.**

Supreme Court of Missouri, Division No. 2.

Sept. 12, 1966.

Marvin C. Hayward, Clayton R. Smalley, Kansas City, for defendants-appellants,

Watson, Ess, Marshall & Enggas, Kansas City, of counsel.

Martin J. Purcell, Morrison, Hecker, Cozad & Morrison, Kansas City, for defendants-respondents.

HENRY J. WESTHUES, Special Commissioner.

The First National Bank of Kansas City, Missouri, filed this lawsuit in the Circuit Court of Jackson County, Missouri, for a declaratory judgment asking the court to construe a clause in a deed creating a trust estate. The trust deed was executed by Martha E. Bacon on June 6, 1928. By this deed, property was conveyed to a trustee for the benefit of the children of Mrs. Bacon and their descendants. The children were Amanda C. Waldron, Elizabeth M. Ruddy, Alice M. Black, and Langston M. Bacon.

At the time the petition was filed, two of the children, Amanda and Elizabeth, were living, and Alice and Langston were not. Alice died on February 8, 1964, and Langston died on January 4, 1957. Amanda, Elizabeth, and Alice had children living who were born in lawful wedlock. Langston had adopted two children. They were Martha B. Allen, born January 27, 1928, and adopted by Langston on December 31, 1928; and William B. Bacon who was born on April 1, 1931, and adopted by Langston on December 21, 1931.

All of the parties interested were represented by counsel. The minor children were represented by a Guardian Ad Litem. The plaintiff First National Bank is a successor trustee and has no interest in the outcome of the case except as to its obligations as a trustee.

The deed creating the trust estate, in so far as material here, provided that the income of the estate should be paid to the four children during their lifetime and, in case of the death of any child, such child's share should be paid to the children of such deceased child.

The question to be determined is whether the adopted children of Langston (deceased) are entitled to the share of their parent Langston. The trial court ruled that by the language of the deed adopted children were excluded. The adopted children Martha B. Allen and William B. Bacon appealed from the judgment entered. This court has jurisdiction by reason of the amount in dispute.

In the trust deed, Martha E. Bacon was described as the party of the first part; the trustee, as party of the second part; and the beneficiaries, as the parties of the third part. The paragraph in the deed which is the subject matter of this lawsuit reads as follows:

"To Have and to Hold unto the said party of the second part, and his successors and assigns, in trust for the parties of the third part, *and their children, born in lawful wedlock,* and their descendants, for the following purposes." (Emphasis ours.)

Appellants say in their brief that "The Court Erred in Holding That Appellants Martha B. Allen and William B. Bacon, As Adopted Children of Langston M. Bacon, Are Not His 'Children Born in Lawful Wedlock' Within the Meaning of That Phrase As Used in the Trust Instrument."

Respondents say in their brief that the trial court did not err in holding that "In my view, the intent of Settlor is expressed in clear and unmistakable language. The words 'and their children born in lawful wedlock' relate to children born in lawful wedlock to parties of the third part. To hold otherwise would require a court of equity to rewrite the trust instrument and insert language it simply does not contain."

■ It is our view that the trial court was correct in holding that the words "and *their* children, born in lawful wedlock" had reference to children born of the parties of the third part. (Emphasis ours.) In this particular case, it held that the defend-

ants Martha B. Allen and William B. Bacon, being adopted, were not children of Langston born in lawful wedlock. It is conceded, and rightly so, that Mrs. Bacon had the right to give her property to whom she pleased, even to exclude her own children. The primary objective is to ascertain the intention of the author of the trust estate. If the meaning or intention is plain and unambiguous, such intention must govern, providing it is not contrary to law.

■ We find no ambiguity as contended by the appellants. In their brief, appellants say, "On the point in issue, that language is hopelessly ambiguous. Instead, the Court is confronted with the necessity of appraising and applying this State's fundamental policy with regard to a legal and social institution of central importance—the institution of adoption." It is true that public policy, as evidenced by state statutes and court decisions for many years, has been to grant adopted children the same legal property rights as natural children. Note the statute adopted by the Legislature in 1917. See Laws, 1917, page 194, and Sec. 453.090, V.A.M.S., enacted in 1947; and St. Louis Union Trust Co. v. Hill et al., 336 Mo. 17, 76 S.W.2d 685; Wailes v. Curators of Central College et al., 363 Mo. 932, 254 S.W.2d 645, 37 A.L.R.2d 326; and Shepherd et al. v. Murphy et al., 332 Mo. 1176, 61 S.W.2d 746. It may be noted that the adjudicated cases hold that an adopted child becomes the child of its adopting parents for every purpose as fully as though born to the adopting parents.

Appellants say that Mrs. Bacon executed the trust instrument prior to the time her son Langston adopted the two children; that she did not have in mind that any of her children might adopt any child; and therefore she did not intend by the words "and their children, born in lawful wedlock" to exclude appellants. The statute, prior to the amendment of 1947, provided that "neither said adopted child nor said parents by adoption shall be capable of inheriting from or taking through each other property

expressly limited to heirs of the body of such child or parent by adoption."

Now the question is, did Mrs. Bacon by her trust deed expressly limit the beneficiaries of the trust to the heirs of the body by using the words "and their children, born in lawful wedlock"? Appellants say that the only persons excluded were illegitimate children. We ask, if Mrs. Bacon did not have adopted children in mind, why should she have had in mind illegitimate children? All of her children were married when the deed was executed. We cannot agree with appellants. The clear meaning of the wording "their children, born in lawful wedlock" excluded adopted children and is more restrictive than the words "heirs of the body." We call attention to the fact that the words "their children, born in lawful wedlock" appear a number of times in the trust instrument indicating a fixed purpose to limit the beneficiaries of her estate to blood kin. There is also a provision in the deed to the effect that the present or future husbands of the three daughters and the present or future wife of Langston should in no way have any voice or interest in the trust property. We think this clause also indicates a fixed purpose to limit beneficiaries of her estate to blood relatives.

In the case of First National Bank of Kansas City et al. v. Sullivan et al., 394 S.W.2d 273, this Court ruled that a bequest to the heirs of the body of a daughter, per stirpes and not per capita, and their assigns forever, excluded adopted children of the daughter. It was pointed out in that case that the will there was executed while the statute of 1917 was in force. So, in this case, the trust instrument was executed while that statute was in force. The words *"their children, born in lawful wedlock"* mean *their* children born in lawful wedlock, not the children of someone else. (Emphasis supplied.) In Blaker et al. v. Blaker et al., 131 Kan. 833, 293 P. 517, a clause in a will reading "such trust fund shall belong absolutely to the issue, born in lawful wed-

lock, of the body of my said son" was held to exclude adopted children. One of the cases cited by appellants, In re Coe's Estate, 42 N.J. 485, 201 A.2d 571, held that a bequest to "lawful children" of a named person included adopted children. We have no quarrel with that holding. In the case of In re Heard's Estate, 49 Cal.2d 514, 319 P.2d 637, the court held that the words "lawful issue" included adopted children. St. Louis Union Trust Co. v. Hill, 336 Mo. 17, 76 S.W.2d 685, is cited by appellants and in their argument, they state that the case is in point. The clause there considered was "and upon the death of any child, his or her share shall be distributed free from trust, to his or her heirs-at-law." This court rightly held that adopted children were included.

We have considered the statute governing adoption as it was in force when the trust instrument was executed. Appellants rely to a great extent thereon. In our opinion, however, the statute has not, even as it now stands (Sec. 453.090), changed the law to the effect that a person may by deed, will or any other manner give his property to whom he pleases; further, in case an instrument contains plain and unambiguous language, courts give effect thereto. Courts have no authority to do otherwise on the ground that the provisions of an instrument are not in harmony with the trend of the times. In the case of In re Trusteeship Agreement with Nash, 265 Minn. 412, 122 N.W.2d 104, l. c. 106 (1, 2), the Supreme Court of Minnesota had this to say in a case considering adoption: "Notwithstanding the statement of policy contained in that statute, the intention of a testator or settlor continues to govern the disposition of his estate if it can be discovered."

It is our opinion that Mrs. Bacon, by her trust deed, limited the beneficiaries of the trust to her blood kin. We rule that the trial court correctly decided the case and the judgment of that court is hereby affirmed.

PER CURIAM.

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.