No. 44,953

HAROLD E. POERTNER and FRANKLIN M. POERTNER, *Appellants,* v. DEAN BURKDOLL and BERT BURKDOLL, Executors of the estate of F. L. Burkdoll, Deceased, and Devisees and Legatees under the Last Will and Testament of the Decedent, *Appellees.*

(439 P. 2d 393)

Opinion filed April 6, 1968.

*Leonard W. McAnarney,* of Lyndon, argued the cause and was on the briefs for the appellants.

*Harry T. Coffman,* of Lyndon, argued the cause, and *Stephen Jones, David Hederstedt* and *Gaylord Reichart,* all of Lyndon, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from a controversy as to whether the phrase "surviving issue," as used in a will, should be so construed as to include adopted children.

The procedural facts are not material to the issue before us for determination and will be omitted for the sake of brevity.

F. L. Burkdoll died testate on May 20, 1961. His will, as duly probated, made certain specific bequests which are not material here, left a life estate to his wife, Bessie Mae Burkdoll, and concluded:

"Thereupon, the entire residue of my estate shall be distributed in equal shares among those of my children, D. C. Burkdoll, Doris Neill, Mabel Poertner, Dean Burkdoll and Bert Burkdoll, who are living at the time of the death of the survivor of Bessie Mae Burkdoll and me; and, if any of our said children predecease the survivor of Bessie Mae Burkdoll and me, the share of our said predeceased child shall be distributed to his or her surviving issue and, if he or she leave no surviving issue, his or her share shall lapse and be

distributed to our other children then surviving and to the issue of any of our other children who may have died leaving issue."

One daughter, Mabel Poertner, died April 22, 1966, leaving no issue of the body but two adopted children who are appellants in this case. The widow and mother, Bessie Mae Burkdoll, died May 6, 1966.

The executors of the will of F. L. Burkdoll filed their petition for final distribution in which they stated that the widow, Bessie Mae Burkdoll, left surviving her three children, Doris Neill, Dean Burkdoll and Bert Burkdoll, and that Mabel Poertner had predeceased her mother, leaving surviving her widower and two adopted sons but no issue. The two adopted sons of Mabel, Harold E. Poertner and Franklin M. Poertner, filed a written defense challenging the above statement made as to them and requesting the probate court to find that they stood in the place of their deceased parent in connection with the distribution of the estate.

The petition for final distribution was transferred to the district court of Osage County for determination. The district court made findings of fact, conclusions of law and submitted a well considered memorandum opinion. It concluded:

"Adopted children were not intended nor included in the devise and bequest in the will of testator F. L. Burkdoll, said will excluded the adoptive children of deceased children and the residue of said testator shall be distributed to surviving children Doris Neill, Dean Burkdoll and Bert Burkdoll, an undivided one-third interest each."

The adopted children of Mabel Poertner have appealed to this court contending that the trial court erred in the above conclusion.

The appellants contend that as adopted children they are included in the word "issue" and entitled to the share their adopting mother would have taken under the will if living. The appellees contend that only those in the blood line are included.

We find no merit in appellants' contention. They urge that "issue" means and includes adopted children unless the testator uses some other language to make it clear that adopted children are not intended. The converse would seem to be true. When the word "issue" is used in a will, it must be recognized as having been used in its normal, legal concept unless a contrary intention appears from the instrument.

Appellants cite cases in which adopted children have been included as heirs in cases of intestate succession (*Denton v. Miller*, 110 Kan. 292, 203 Pac. 693; *Riley v. Day*, 88 Kan. 503, 129 Pac. 524)

and cases where the word children has been construed to include adopted children (*In re Estate of Asendorf*, 167 Kan. 165, 205 P. 2d 934; *Schwarz v. Rabe*, 129 Kan. 430, 283 Pac. 642) but no cases have been cited from this state, and our research has disclosed none, where the word "issue," when used in a will, has been held to include adopted children.

The normal legal concept of the word "issue" as developed in the field of law is lineal heirs, offspring or progeny and when used in a will it is not to be construed to mean adopted children or statutory heirs. In *Gardner v. Anderson Trustee*, 116 Kan. 431, 227 Pac. 743, we held in paragraph 2 of the syllabus:

"In a devise to a person for life and at her death to her issue, the word 'issue' means 'offspring,' 'progeny,' 'lineal descendants,' but not mere statutory heirs or heirs at law."

Again we said in *Gibbs v. Turner*, 140 Kan. 53, 34 P. 2d 564, at page 59:

"What do the words 'their issue' imply? It is evident, we think, that the testator had in mind children of their bodies and not children by adoption. He evidently had a desire to pass the property along to persons in the line of ancestral blood and, therefore, that the three nieces or their issue meant that at their ages he thought they possibly or probably might marry and have issue, and that such issue would be children of the Morton blood and not children by adoption. . . ."

When used in a will the word "issue" is to be given its plain and ordinary legal import unless something in the instrument clearly indicates a different intention. (95 C. J. S., Wills, § 666, p. 977.) There is nothing in the will under consideration to indicate that the testator intended to use the word "issue" in any manner other than its primary meaning.

The appellants contend that the statute (K. S. A. 59-501) defines the word issue to include adopted children and so broadens the use of the word. The statute provides:

"As used in this article, . . . The word 'issue' includes adopted children of deceased children or issue."

It will be noted that the definition is restricted to the article and the article is limited to intestate succession.

We had the same question under consideration in the recent case of *Smyth v. Thomas*, 198 Kan. 250, 424 P. 2d 498:

"We are not dealing here with the rights of adopted children under the law of intestate succession (K. S. A. 59-501 and 2103), but rather with the provisions of a will which make it clear the testator's intentions were that

only grandchildren of the blood were to take the property in question after the two life estates. The words 'lawful issue . . . born in wedlock' found in item X of the will and 'lawful issue' used in the 1937 deed from Anna to Charles, do not include the adopted children of Charles (*Blaker v. Blaker,* 131 Kan. 833, 836, 837, 293 Pac. 517; *Woodley v. Howse,* 133 Kan. 639, 641, 642, 3 P. 2d 475)." (p. 257.)

The legislature has not changed the meaning of any words which would interfere with the intention of a testator.

Neither is any additional meaning extended to the word 'issue,' when used in a will, by K. S. A. 59-615. This statute applies only in cases where the named beneficiary dies before the testator, a situation which we do not have before us.

Other contentions of appellant have been examined and found to be without substantial merit.

The judgment is affirmed.

APPROVED BY THE COURT.