No. 47,083

In the Matter of the Estate of Gerald F. Thompson, deceased. (LAWRENCE W. THOMPSON, individually and as executor of the Estate of Gerald F. Thompson, deceased, HERALD L. THOMPSON, and CHARLES L. THOMPSON, *Appellants.*) v. ROBERT E. MOONEY and KAY GLADE, *Appellees.*

(518 P. 2d 393)

Opinion filed January 26, 1974.

*Paul L. Aylward,* of Miner, Aylward & Swaty, of Ellsworth, argued the cause and was on the brief for appellants.

*L. E. Weltmer,* of Weltmer, Weltmer & Weltmer, of Mankato, argued the cause, and *Rockerick E. Weltmer,* of the same firm, was with him on the brief for appellees.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from an order of the district court holding the heirs of a deceased beneficiary succeeded to a one-half interest in the property of Gerald F. Thompson, deceased. The pertinent facts follow:

Gerald F. Thompson, testator, executed a will on December 30, 1965. The will provided, in part:

"Second: I give, devise and bequeath unto my beloved wife, Erma M. Thompson, one-half of my property real, personal and mixed. The remaining one-half, I give, devise and bequeath unto my three brothers, Herald L. Thompson, Lawrence W. Thompson and Charles L. Thompson, share and share alike."

Erma M. Thompson, testator's first wife, died on September 17, 1969. Erma was survived by testator and two children from a prior marriage. Thereafter, and on June 15, 1971, Gerald married Eunice Carver. On the following day, June 16, 1971, they executed a postnuptial agreement. Under the terms of that agreement, Eunice Carver Thompson relinquished all interest in Gerald F. Thompson's estate, save a life estate in their homestead in Mankato, Kansas. Approximately a month later, on July 18, 1971, Gerald Thompson died in a farm accident. Two days after his death Eunice caused the postnuptial agreement to be recorded in both Jewell and Republic counties. The validity and effect of that agreement are not disputed, nor is Eunice a party to this appeal.

The testator's will was admitted to probate on August 21, 1971, and Lawrence W. Thompson, a brother, was appointed executor. On May 4, 1972, Robert E. Mooney and Kay Glade (appellees) filed a petition for a determination of the distribution of testator's estate and requested the matter be transferred to the district court. (K. S. A. 59-2402a.) Robert E. Mooney is the son of Erma M. Thompson and Kay Glade is the only child of Erma's deceased daughter. In their petition, the appellees prayed for an order assigning to them the one-half interest Erma would have received under provisions of the testator's will. The executor, Lawrence W. Thompson, and the surviving brothers, Herald L. Thompson and Charles L. Thompson, answered that any interest bequeathed or devised to Erma had lapsed. The district court held the appellees succeeded to the one-half interest bequeathed and devised to Erma and remanded the case back to the probate court of Jewell County. The executor and the brothers duly perfected this appeal. (K. S. A. 59-2402c.)

Preliminary to discussing the alleged errors, and for purposes of clarity, we shall consider briefly the law involved in this appeal.

At common law a gift to legatee or devisee who died before the testator lapsed. This rule was based on necessity and the ambulatory character of a will. Anti-lapse statutes soon evolved to

temper application of the common-law rule. However, in the absence of a statute, or other provisions in a will which showed the testator intended the gift to go to some other designated person when the beneficiary predeceased the testator, the gift lapsed. (*Lawrence Nat'l Bank v. Jacobs,* 145 Kan. 189, 64 P. 2d 22; *In re Estate of Zimmerman,* 207 Kan. 354, 485 P. 2d 215; *In re Estate of Ricklefs,* 211 Kan. 713, 508 P. 2d 866.)

As early as 1868 Kansas had a statute which modified and narrowed the aforesaid common-law doctrine. (G. S. 1868, Ch. 117, § 55.) In a comprehensive revision of the Kansas Probate Code, the 1939 Legislature amended the anti-lapse statute and expanded its coverage. When Gerald F. Thompson's will was executed K. S. A. 59-615 provided:

"If a devise or bequest is made to an adopted child or any blood relative by lineal descent or within the sixth degree, and such adopted child or blood relative dies before the testator, leaving issue who survive the testator, such issue shall take the same estate which said devisee or legatee would have taken if he had survived, unless a different disposition is made or required by the will."

The statute was amended in 1968 and again in 1969. These amendments broadened the statute's coverage as to adopted children. (See L. 1968, Ch. 339, § 1; L. 1969, Ch. 279, § 1.)

A further expansion of the anti-lapse statute was enacted by the 1970 Legislature. (L. 1970, Ch. 226, § 1.) This amendment, effective July 1, 1970, is K. S. A. 1972 Supp. 59-615, and provides:

"(*a*) If a devise or bequest is made to a spouse or to any relative by lineal descent or within the sixth degree, whether by blood or adoption, and such spouse or relative dies before the testator, leaving issue who survive the testator, such issue shall take the same estate which said devisee or legatee would have taken if he had survived, unless a different disposition is made or required by the will.

"(*b*) As used in this section or as used in any will executed after the effective date of this act, unless the provisions of such will specifically provide to the contrary, the term 'issue' means offspring, progeny or lineal descendants, including adopted children of the testator and adopted children of any such issue in whatever degree."

A twofold revision was accomplished by the 1970 amendment to the anti-lapse statute. First, a new category, the issue of a predeceased spouse of the testator, was brought within the statute's coverage; and second, the term "issue" as used in the section *or* as used in a will executed after the section's enactment was legislatively defined.

The case at bar stems from the expansion of anti-lapse coverage

to issue of a predeceased spouse and involves application of the foregoing statute.

Summarized, the facts relevant to the disposition of this appeal are as follows:

1. December 30, 1965, testator executed his will in which he bequeathed and devised one-half of his property to Erma M. Thompson, and the remaining one-half to his three brothers;
2. September 17, 1969, the beneficiary, Erma M. Thompson, died;
3. July 1, 1970, amendment of the anti-lapse statute included spouse of the testator, and
4. July 18, 1971, testator, Gerald F. Thompson, died.

The appellants' contentions that the law at the time of the testator's death is not controlling and that the 1970 amendment of the anti-lapse statute does not have retrospective application are not well taken.

A will is ambulatory, and it is a fundamental rule of law that it speaks from and takes effect on the date of the testator's death. (*Younger v. Estate of Younger,* 198 Kan. 547, 426 P. 2d 67; *In re Estate of Freeman,* 195 Kan. 190, 404 P. 2d 222; *In re Estate of Walton,* 183 Kan. 238, 326 P. 2d 264; *Meek v. Ames,* 177 Kan. 565, 280 P. 2d 957.) A testator is presumed to know the law and its effect and to know that the law can be changed after execution of his will. (*In re Estate of Ricklefs,* supra.) The cases are legion adhering to the general rule that, as between laws in force at different times within the same jurisdiction, the effect of a will and the rights of the parties under it are determined by the law in existence at the testator's death, and not those in force at the execution of the will. (Anno. 129 A. L. R. 859.)

An analogous situation was presented to this court in the case of *In re Estate of Weeks,* 154 Kan. 103, 114 P. 2d 857. There, the testatrix executed a will on September 7, 1929, wherein she devised property to a town in Switzerland. Thereafter a statute was enacted which prohibited devises or bequests to foreign countries or subdivisions thereof. (L. 1939, Ch. 180, § 38, G. S. 1939 Supp. 59-602, now K. S. A. 59-602 [1].) The testatrix died on June 11, 1940. This court held the devise void, and in the opinion said:

"The validity of this statute is not questioned on this appeal. Counsel for appellant first argue the will is effective irrespective of the statute. In this con-

nection they point out the fact the will was executed September 7, 1929, and the statute in question was not effective until July 1, 1939. They concede *the general rule to be that a statute enacted after a will is executed and before the death of the testator is controlling on the construction of the will,* if it is clear, as it is here, the legislature so intended, citing Thompson on Wills, 2d ed., sec. 25. . . ." (Emphasis supplied.) (l. c. 105.)

See, also, *Reetz v. Sims,* 177 Kan. 143, 276 P. 2d 368; *Lewis v. Corbin,* 195 Mass. 520, 81 N. E. 248; Anno. 3 A. L. R. 1682.

When Gerald Thompson made his will any bequests and devises were ambulatory. He had the right to revoke or change his will, but he did neither. The will, although executed before the 1970 amendment to 59-615, speaks from the date of his death and is controlled by the anti-lapse statute in effect on that date. It is only when there is a showing of a different intention by either the Legislature or the testator that an anti-lapse statute in effect at the testator's death is not applicable. (*In re Estate of Zimmerman,* supra.)

The appellants contend the phrase "any will executed after the effective date of this act" contained in K. S. A. 1972 Supp. 59-615 (*b*) restricts retroactive application of the 1970 amendment, in that the coverage afforded the issue of a predeceased spouse is applicable only to wills executed after July 1, 1970. The point is not well taken.

The 1970 amendment, as well as the two previous amendments (1968 and 1969), was sparked by this court's decision in *Poertner v. Burkdoll,* 201 Kan. 41, 439 P. 2d 393. The issue presented in *Burkdoll* was whether the phrase "surviving issue" as used in a will, should be construed so as to include adopted children. We held the normal legal concept of the word "issue" is lineal heirs, offspring or progeny, and when used in a will it was not to be construed to mean adopted children.

Close examination reveals the language of K. S. A. 1972 Supp. 59-615 (*b*) is directed to our holding in *Burkdoll.* The Legislature in defining the word "issue" adopted in part this court's definition of that term, and expanded the definition to include adopted children. The introductory phrases "[a]s used in this section *or* as used in any will executed after the effective date of this act" (July 1, 1970), refers to and modifies only the subject of the sentence, that *is,* the word "issue." The beginning introductory phrase "as used in this section" requires that the word "issue" in K. S. A. 1972 Supp. 59-615 (*a*) be defined in accordance with the definition of K. S. A.

1972 Supp. 59-615 (*b*). The latter introductory phrase "as used in any will executed after the effective date of this act" requires the legislative definition of the word "issue" be applied when such term is used in a will executed after July 1, 1970, unless the testator specifically provides to the contrary. Thus, it is clear the language of the introductory phrases of 59-615 (*b*) does not restrict or modify the coverage afforded by 59-615 (*a*) to the issue of a predeceased spouse who survives the testator.

The legislative history of our anti-lapse statute shows the Legislature has continuously expanded coverage of the statute and in no sense has it ever indicated an intent to restrict the coverage afforded. Accordingly, this court is of the opinion the Legislature in enacting the 1970 amendment intended to restrict only retrospective application of the definition of the term "issue" as used in subsection (*b*) and not to restrict coverage afforded by subsection (*a*). Hence, it follows that as to wills executed after the effective date of the act in which the testator has not expressed a contrary intention, the legislative definition of the term "issue" as set forth in 59-615 (*b*) controls; however, as to wills executed before the effective date of the act, the definition of the term "issue" contained in *Burkdoll* controls. In conjunction with this point, we direct the reader's attention to the 1973 amendment to 59-615 (*b*). (See L. 1973, Ch. 230, § 1 [*b*].)

Neither appellants nor appellees suggest there are any conflicting provisions or ambiguities in Gerald F. Thompson's will. In *In re Estate of Ricklefs*, supra, we held construction does not become necessary unless it appears the terms of the will are so uncertain and ambiguous as to require judicial construction. A will is not ambiguous merely because the testator neglected to provide against a beneficiary predeceasing him, being content, presumably, to rely upon the disposition which would occur in that event according to statutory and decisional law of Kansas. (*In re Estate of Sowder*, 185 Kan. 74, 340 P. 2d 907.)

Appellants' final contention is that the deceased beneficiary, Erma M. Thompson, was not a "spouse" within the meaning of the 1970 amendment. (K. S. A. 1972 Supp. 59-615 [*a*].) We shall not belabor the point. The anti-lapse statute becomes operative when (1) a testator bequeaths or devises property to a beneficiary who is a member of a class designated by the statute; (2) the specified beneficiary predeceases the testator and leaves issue who survive the testator, and (3) the testator does not revoke or change his will as to the predeceased beneficiary.

In the instant case the foregoing conditions were present. Gerald F. Thompson died testate and in his will bequeathed and devised a one-half interest to "my beloved wife, Erma M. Thompson." Erma's status as a "spouse" as used in 59-615 (*a*) was fixed when she predeceased the testator on September 17, 1969, and she left issue who survived the testator. Erma was one of the specified beneficiaries in Gerald's will, and he did not revoke or change the bequest and devise to her. It follows the conditions of the anti-lapse statute were fulfilled, and Erma's issue who survived the testator took the same estate she would have received had she survived the testator.

Having fully considered the arguments, we conclude the district court correctly applied the provisions of K. S. A. 1972 Supp. 59-615 to the facts presented.

The judgment is affirmed.