Jack **COMSTOCK**, Plaintiff-Appellant,

v.

**ESTATE OF Melvin L. LONG,
Deceased, Respondent.**

No. 14131.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 11, 1986.

---

Douglas L. Winchester, Springfield, for plaintiff-appellant.

James E. Baldwin, Donnelly, Baldwin & Wilhite, Lebanon, for respondent.

PHILIP G. HESS, Special Judge.

By a document entitled "Agreement and Declaration of Trust," which the parties signed on June 10, 1976, the decedent subjected to the trust agreement certain real estate held in his name.

Referring to previously made oral agreements concerning the real estate and certain contingencies based upon the death of either party, Comstock and Long declared all such oral agreements to be reduced to writing in that document.

The agreement provided that the decedent Melvin Long could pay to Comstock the sum of $15,000 during the lifetime of Long, if the property was sold, or that sum would be paid to Comstock's estate should Comstock predecease Long. It also provided in paragraph 4 that "in the event that no sale is made within the lifetime of Long, then said Fifteen Thousand ($15,000.00) Dollars would be due upon Long's death."

During the following year, on or about February 7, 1977, Long announced plans to sell some of the real estate subject to the agreement and paid to Comstock the sum of $15,000 as called for by the terms of the trust. Comstock acknowledged payment of the $15,000 by writing on the face of the agreement the following: "I have rec in full-my bal. and this agreement is *void*," followed by his signature.

Almost seven years later, on January 1, 1984, Melvin Long died, and the real estate was listed as an asset of his estate. Comstock filed a petition with the probate court for the release of "trust property" from the probate estate to himself. Following a hearing, the probate court found the trust agreement was terminated and made void by Comstock's written statement on the face of the agreement; that the purpose of establishing the trust had been satisfied; and, therefore, declared the real estate had been released from the trust and properly was a part of Long's estate.

This appeal followed. We affirm the probate court. A judgment in a court-tried case should only be set aside if there is no substantial evidence to support that judgment, or if it is against the weight of the evidence, or if it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We examine the probate court's ruling in the light of that appellate standard.

The court held that Comstock had terminated the trust agreement by making a handwritten declaration on the document that evidenced his receipt of the amount of his investment while declaring the agreement void.

■ Comstock, in the face of that declaration, seeks for us to hold that the probate court erred on the grounds that the ruling was made on insufficient proof. The standard rule of construction, stated in *First National Bank of Kansas City v. Waldron*, 406 S.W.2d 56, 59 (Mo.1966), requires the court to follow the plain and unambiguous language found in the instrument. The language Comstock used in acknowledging payment, culminating in the word *"void"* followed by his signature, certainly is plain enough to support the probate court on this issue, and it includes the declaration that his interest had been re-

paid in full. We rule this point against Comstock.

■ As a secondary issue, Comstock faults the termination of the trust on the theory that all of the beneficiaries of the trust must consent to its termination. With the finding that Comstock declared in writing that the agreement was void, Long then became holder of the legal and equitable interest contained in the trust and, because of the merger of those interests, did not need to add his consent to terminate the trust agreement. Comstock's consent caused a merger and the merger effectively terminated the trust. 76 Am.Jur.2d Trusts § 90 (1975).

Comstock's handwritten statement surrendered his interest to the decedent, and the decedent then held absolute ownership of the corpus of the trust. This effectively completed the intent of the trust. The point is ruled against Comstock.

■ In addition, and finally, Comstock contends that there was no evidence to support a finding that the trust purpose had been fulfilled. We disagree. Again, from the plain, clear, and unambiguous language of the instrument, which was admitted into evidence, it is shown that Comstock's contribution of $15,000 was to be protected by the trust and the protection provided was the ultimate purpose of the trust. Further, testimony was admitted relative to the payment of that amount to Comstock, who then wrote his statement on the face of the original document concluding with the word *"void"* and signed it. The original document stayed with Long. No evidence of a contrary purpose of the trust was presented. Again, Comstock's point fails.

On the findings that the trust purpose had been fulfilled, and that the trust had been terminated, the probate court stands sustained. No precedential purpose would be served by an extended opinion.

GREENE, P.J., and HENRY, Special Judge, concur.